## ASAHEL GAGE

*v.*

## SOPHIA H. PERRY.

1. PARTIES—*on bill to foreclose.* So far as mere legal rights are concerned, upon a bill to foreclose a mortgage the only proper parties are the mortgagor and mortgagee, and those who have acquired rights or interests under them and subsequent to the mortgage. The mortgagee has no right to make one who claims adversely to the title of the mortgagor and prior to the mortgage a party defendant for the purpose of trying the validity of his adverse claim.

2. FORECLOSURE—*adverse legal title.* Upon bill to foreclose a mortgage, a stranger to the mortgage was made a party defendant, it being alleged that he claimed some interest in the mortgaged premises, but that, whatever interest he might have, he held the same subordinate to the mortgage. This defendant answered, setting up an adverse legal title, not subordinate to the mortgage, but independent of the title of the mortgagor, and paramount thereto. The

court, upon final hearing, decreed a foreclosure, and that the holder of such adverse claim of title be barred of all claim of interest in the premises if they were not redeemed according to law. The decree was erroneous. Such an adverse claim of title, in no way connected with the title of the mortgagor, was not a proper subject of consideration in the suit to foreclose the mortgage, and when it was disclosed by the answer of the defendant and the proofs that such was the character of his claim, he should have been dismissed from the suit.

APPEAL from the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and Hon. GEO. W. PLEASANTS and Hon. JOSEPH M. BAILEY, Justices.

Mr. AUGUSTUS N. GAGE, and Mr. M. R. M. WALLACE, for the appellant.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Sophia H. Perry, to foreclose a mortgage on certain property in Chicago, executed by one Charles Cleaver and wife, to secure a promissory note payable to the order of John B. Perry. Appellant was made a party defendant to the bill under the allegation that he had or claimed some interest in the mortgaged premises as purchaser mortgagee, judgment creditor or otherwise, " but such interests, if any there be, have accrued since and are subject to the lien of your oratrix by virtue of said mortgage."

Appellant put in an answer to the bill, in which he set up an adverse legal title to a portion of the mortgaged premises by tax-deed, and expressly denied that his interest in the property was subject to the lien of the mortgage. To the answer a replication was filed, and on the hearing a decree of foreclosure was rendered directing a sale of the mortgaged premises in satisfaction of the debt, and that appellant " be forever barred and foreclosed of and from all equity of redemption and claim of, in and to said premises or any part thereof, if said premises are not redeemed according to law."

The mortgage, as well as the record of the same, was destroyed by the fire in Chicago in 1871, and it is contended that the contents of the mortgage were not sufficiently estab-

12—93 ILL.

lished by the evidence. We have carefully examined the testimony bearing upon this point, and we are satisfied that the parol evidence fully established the fact that a mortgage was executed in due form of law by Cleaver and wife to John B. Perry on the property described in the bill, to secure the note of $5000, which was offered in evidence, and that the mortgage was recorded in the recorder's office in Cook county on the 10th day of May, 1871.

It is also contended that the proof was not sufficient that the complainant owned the note and mortgage described in the bill. It was shown that the payee of the note, John B. Perry, died October 3, 1872, at Cambridge, Mass. Letters of administration on the estate of Perry, issued by the probate court of Middlesex county, Mass., were offered in evidence, and the complainant testified that she was holder and owner of the note; that she became owner thereof by a division of property between herself and the heirs of the deceased, made under the direction of the probate court of Middlesex county.

The possession of the note and the evidence of ownership introduced, in the absence of any proof to the contrary, we regard as entirely sufficient to justify the decree so far as this question is concerned. But it will be observed that the final decree rendered in the case bars and cuts off whatever title the appellant, Gage, had in and to the mortgaged premises, when it appears from the answer and the evidence introduced under the answer, that he did not claim title under the mortgagor or his grantor, but asserted an independent adverse title derived from a sale of the premises for the non-payment of taxes, with which the title of the mortgagor or complainant was in no manner connected; and the question arises whether the decree in this respect can be sustained. The question is, whether a court of equity, where a bill is filed to foreclose a mortgage, can take into consideration and pass upon adverse legal titles such as were set up by the defendant in his answer. It has always been supposed that a court of law was the proper forum in which to settle and determine adverse legal titles to real

estate, where all questions of fact in relation thereto can be submitted to and determined by a jury under proper instructions from the court, and we are aware of no authority holding that an ordinary bill of foreclosure forms an exception to this general rule of law. In a bill to foreclose a mortgage, not only the mortgagor, but all persons claiming by, through or under him, or under his chain of title, are proper and necessary parties to the bill, and when such parties are brought before the court their rights may be passed upon and settled ·by a decree, but we have not been referred to a single authority which sustains the right of a complainant, in such a case, to bring in a party who claims adversely, and have such adverse title passed upon and settled by decree. Indeed, we believe the authorities all are the other way.

In *Eagle Fire Co.* v. *Lent*, 6 Paige, 637, where this question arose, Chancellor WALWORTH, in delivering the opinion of the court, said, " So far as mere legal rights are concerned, upon a bill of foreclosure the only proper parties to the suit are the mortgagor and the mortgagee and those who have acquired rights or interests under them subsequent to the mortgage, and the mortgagee has no right to make one who claims adversely to the title of the mortgagor and prior to the mortgage, a party defendant for the purpose of trying the validity of his adverse claim of title in this court." To the same effect are the following authorities: Barbour on Parties, 493; *Lange* v. *Jones*, 5 Leigh, 192; *Stuart Heirs* v. *Coulter*, 5 Rand. 74; *Frelinghuyson* v. *Colden*, 4 Paige, 206; *Deal* v. *Reynolds*, 6 Otto, 340; *Corning* v. *Smith*, 6 N. Y. 82.

Other authorities where the same principle has been decided might be cited, but we do not deem it necessary. When it appeared from the answer and the proofs on the trial of the cause that appellant did not· claim under the mortgage title, and that his title was adverse and in no manner connected with that of the mortgagor, he should have been dismissed from the bill.

It has been suggested by appellee that the title of appellant

was worthless,—that no judgment or precept was offered in evidence upon which to base his sheriff's deeds. Upon the sufficiency or insufficiency of appellant's title we express no opinion. We merely decide, as appellant's title, whatever it was, appeared to be adverse, the court erred in rendering a decree against him, and for this error the decree will be reversed as to appellant, and as to him the bill be dismissed; in all other respects the decision of the Appellate Court will be affirmed.

The cause will be remanded to the Appellate Court for further proceedings consistent with this opinion.

*Decree reversed in part, and in part affirmed.*