## MARY BOZARTH

### *v.*

## W. D. LANDERS *et al.*

*Filed at Mt. Vernon February 5, 1885.*

1. APPEAL—*on certificate of Appellate Court—in a suit to foreclose mortgage.* On bill to foreclose a mortgage, where the circuit court found against the validity of a tax title claimed by the wife of the mortgagor, acquired by her independent of her husband, an appeal by the wife will lie from the judgment of the Appellate Court affirming the decree barring the wife from the assertion of her title, when the Appellate Court makes the necessary certificate to enable her to do so.

2. FORECLOSURE—*trying independent title claimed by the wife of the mortgagor.* On bill to foreclose a mortgage given by a husband to secure a

debt of his own, in which his wife joined, the latter set up a title subsequently obtained at a tax sale, being an adverse claim of title in no way connected with the title of the mortgagor. A decree of foreclosure was entered, which provided that in default of payment, "all right and equity of redemption of said defendants therein be forever barred and foreclosed." This was held to be error. The decree should have been one simply of foreclosure, leaving the purchaser under the decree and the claimant under the tax title, to settle their respective rights in a court of law, where legal titles are more properly cognizable.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Wayne county; the Hon. CHAUNCEY S. CONGER, Judge, presiding.

Messrs. CREIGHTON & SIBLEY, and Mr. EDWIN BEECHER, for the appellant:

There being no covenants or false representations by the appellant, there can be no estoppel. *Stookey* v. *Hughes*, 18 Ill. 55; *Botsford* v. *Wilson*, 75 id. 132.

A deed of bargain and sale, (or, under our practice, a quitclaim,) has never been held to estop a party from setting up an after acquired title. *Jackson* v. *Wright*, 14 Johns. 193; *Jackson* v. *Winslow*, 9 Cow. 14; *Sparrow* v. *Kingman*, 1 Conn. 247; *Allen* v. *Sayward*, 5 Greenlf. 227.

At common law a *feme covert* who joined with her husband in conveying his land, was not estopped from setting up an after acquired title. *Jackson* v. *Vanderheyden*, 17 Johns. 167; *Rogers* v. *Higgins*, 48 Ill. 211; *Bank of America* v. *Banks*, 101 U. S. 247; *Martin* v. *Dwelly*, 6 Wend. 9; *Holbrook* v. *Debo*, 99 Ill. 372; *Murvin* v. *Smith*, 46 N. Y. 571; *Bernies* v. *Call*, 10 Allen, 512.

In this State, prior to 1874, even after the passage of the act of 1861, known as the Married Woman's law, the wife was not bound by express covenants in her deed. *Strawn* v. *Strawn*, 50 Ill. 33; *Botsford* v. *Wilson*, 75 id. 132.

The statute has not increased the liability of the wife except when acting in relation to her individual property. She can

now acquire, hold and transfer property as if she were single. *Patten* v. *Patten*, 75 Ill. 449; *Cooper* v. *Cooper*, 76 id. 64; *Tomlinson* v. *Matthews*, 98 id. 178; *Edwards* v. *Schoeneman*, 104 id. 278; *Thomas* v. *Mueller*, 106 id. 36.

A wife may maintain ejectment against her husband to recover possession of her lands. *Wood* v. *Wood*, 83 N. Y. 575.

If appellant was not liable for taxes, or bound to keep them paid, she would have the same right to purchase at a tax sale as a stranger. *Ervin* v. *Morris*, 26 Kan. 664; *Sands* v. *Davis*, 40 Mich. 14; *Blackwood* v. *VanVliet*, 30 id. 122; *Bleakley* v. *Bestor*, 13 Ill. 708.

It is for the party objecting to the tax deed to show appellant's liability for taxes. *Bleakley* v. *Bestor*, 13 Ill. 714.

Messrs. HANNA & ADAMS, for the appellees:

The doctrine of estoppel applies in this case from the use of the words "grant, bargain and sell," which in the statute express covenant of title. (Rev. Stat. 1874, chap. 8, sec. 30.) That being so, appellant can not be heard to say she had no interest in the land when she executed the deed of trust. *Van Rensalaer* v. *Kearney*, 11 How. 325.

While it may be true that a wife is not bound to respond in damages on her covenants of warranty, yet as against her deed, in which apt words are used indicating assurance of a transfer of property, she can not set up an after acquired interest to defeat her former conveyance. *Lessee of Hill* v. *West*, 8 Ohio, 226; *Jackson* v. *Vanderheyden*, 17 Johns. 167; *Fowler* v. *Shearer*, 7 Mass. 21; *Gilbert* v. *Swan*, id. 291; *Massie* v. *Sebastian*, 4 Bibb. 436.

The wife can not acquire a title adverse to the trust, by purchase of a tax title. *Anson* v. *Anson*, 20 Iowa, 55; *Phillips* v. *Lube*, 25 Pa. St. 56. Nor can she be permitted to procure an adverse title to land claimed and owned by her husband.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The position taken by counsel for complainants, that this appeal ought to be dismissed because this court has no jurisdiction to hear and determine it, is not tenable. *Dobbins* v. *Cruger*, 106 Ill. 383.

This is the usual bill to foreclose a mortgage, and sets forth that Martin E. Bozarth, being indebted to complainants, made his mortgage on the lands involved, his wife, Mary Bozarth, joining with him in its execution, to secure such indebtedness. Among other covenants contained in the mortgage, it appears the mortgagor, Martin E. Bozarth, covenanted, for himself and his heirs, to pay all taxes on the mortgaged premises, but in that covenant his wife does not seem to have joined. Both the mortgagor and his wife are made defendants to the bill, and file separate answers. The mortgagor admitted the making of the note and mortgage, but alleges the transaction was usurious, and that he has paid all that was justly due to complainants. Mary Bozarth, the wife of the mortgagor, admits, as does her husband, the making of the note and mortgage, but avers she had no interest in the land except the prospective right of dower; that the money received by the mortgagor was borrowed and expended by Martin E. Bozarth for his individual use, and that she never received any part of it, and that since the making of the mortgage she has acquired a tax title to the mortgaged premises, under which she claims to be the absolute owner of the property. To the answer, setting up with sufficient fullness the manner in which she acquired the tax title to the lands in controversy, and all matters insisted upon as a defence, the court sustained an exception filed by complainants, and upon her refusal to answer further, a decree was rendered against her as upon default. Thereupon the court decreed a foreclosure of the mortgage, and provided that in the default of payment of the sum found to be due, "all right and equity of redemp-

tion of said defendants therein be forever barred and fore-closed." That decree was affirmed in the Appellate Court, and a majority of the judges of that court having made the necessary certificate to enable her to do so, Mary Bozarth brings the case to this court on her appeal.

It will be perceived that Mary Bozarth claims to be the owner in fee of the mortgaged premises, by a title adverse to that of the mortgagor. She does not claim anything under the mortgage or under the title of the mortgagor, but independent of that title. The court, by rendering a final decree against her, barred all her rights in default of the payment of the mortgage indebtedness, assumed to pass on the validity of her title. This, it is thought, could not properly be done on a bill to foreclose a mortgage. Undoubtedly, the mortgagees were entitled to a foreclosure as against the mortgagor, who it is conceded was the owner of the premises at the time the mortgage was made; and if their title shall be suffered to become absolute under such foreclosure, the question whether the mortgage title will prevail over the title subsequently acquired by Mary Bozarth under the tax deed, can be best tried in a court of law. That is the usual forum in which to settle and determine adverse legal titles to real property. In *Gage* v. *Perry,* 93 Ill. 176, it was held an adverse claim of title, in no way connected with the title of the mortgagor, was not a proper subject for consideration in a suit to foreclose the mortgage. The principle of the case cited would seem to be conclusive of the same question in the case now being considered. The questions made on the argument as to the validity of the title insisted upon by Mary Bozarth, and whether she could be permitted to acquire a title adverse to the mortgage title, were not fairly within the jurisdiction of the court to determine, and it was error to bar her rights under her alleged deed, whatever they may be, as was attempted to be done by the decree. She should have been left free to assert her title, whatever it may be, if the title of complainants under the

mortgage should become absolute, and they should seek to obtain possession of the premises in an action at law. The court should give complainants no writ of assistance, but should leave the parties to test the strength of their respective titles in the law courts, where such matters are usually cognizable.

The judgment of the Appellate Court will be reversed, and the cause remanded, with directions to that court to reverse the decree of the circuit court and remand the cause, with directions to the circuit court to so modify its decree as to save the rights of Mary Bozarth under her alleged title to the mortgaged premises, whatever they may be, that she may assert the same in any court of law as a matter of defence or attack, as she may be advised, and in all other respects to decree as in its former decree.

*Judgment reversed.*