**Morton E. Runner, Assignee, v. John L. White, Amanda Berridge, George W. Berridge, Henry B. Kepley, Isaac N. Harper, U. S. Loan and Trust Co., and Zimri Dwiggins.**

1. PARTIES—*Foreclosure Suits.*—All persons having an interest in the premises in suit derived from the grantor in a trust deed, are proper parties to a suit in foreclosure, and this interest, whether an equity of redemption or the right of occupancy, should be foreclosed.

2. FORECLOSURE SUITS—*Who are not Necessary Parties.*—Persons holding title to the premises in suit, adverse and independent, and not derived in any manner from or through the grantor in a trust deed, are not proper parties to a suit to foreclose the trust deed.

3. EQUITY JURISDICTION—*Adverse Titles in Suits for Foreclosure.*—A court of equity will not assume to determine the validity of an adverse and independent title in a suit for the foreclosure of a trust deed, neither will it assume the existence of such a title without some competent evidence tending to show the fact.

4. ADVERSE TITLES—*In Foreclosure Suits.*—Where a party defendant in a foreclosure suit claims title to the premises adversely to the complainant, the burden of proof is upon him to establish the fact that his claim is under an adverse title, and when this is made to appear, the court will, as to such defendant, proceed no further. Such controversies are to be settled in courts of law.

**Trust Deed Foreclosure.**—Appeal from the Circuit Court of Effingham County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the February term, 1895. Reversed and remanded. Opinion filed August 31, 1895.

WOOD BROTHERS, attorneys for appellant, contended that persons legally or equitably interested in the mortgaged premises are necessary parties to a suit of foreclosure. Citizens' National Bank v. Dayton, 116 Ill. 257; Patton v. Smith, 113 Ill. 499.

A foreclosure of mortgaged lands, being a proceeding *in rem* against the mortgaged property, the joining of all persons in the actual occupancy of the mortgaged lands for the adjudication of their rights, however slender their title, has always been held necessary to a proper decree. A tenant in possession under the mortgagor is held by our court to be a necessary party defendant in a proceeding of this kind. Richardson v. Hadsall, 106 Ill. 476.

It has also been held that all persons who have acquired any interest in the title of the mortgaged land from the mortgagor, or through him subsequent to the lien of the mortgage, by whatever mode such title may be acquired, by devise or purchase, are necessary parties, and if not joined, their rights are in no way affected by the decree rendered. Ohling v. Luitjens, 32 Ill. 23; Dunlap v. Wilson, 32 Ill. 517; Cutter v. Jones, 52 Ill. 84; Erickson v. Rafferty,

79 Ill. 209; Scates v. King, 110 Ill. 456; Robbins v. Arnold, 11 Ill. App. 434.

In the case of Whitmore v. Shiell et al., 14 Ill. App. 414, the court say : " It is a general rule that adverse claimants can not be made parties to a foreclosure suit, for the purpose of litigating their titles. * * * The owner of a tax title, unless he has acquired some interest in the equity of redemption, is not a proper party to a foreclosure suit for the purpose of testing the validity of his title."

In an action of ejectment, where the plaintiff's claim is from a common source with that of the defendant, and the defendant denies, under oath, such claim, and sets up a different claim, the court permits the plaintiff to show, by proof, what title the defendant holds under. Smith v. Laatsch, 114 Ill. 271.

The best evidence of a party's claim to the interest in real estate of which he is in possession, is the conveyance in virtue of which he enters. Hardesty v. Glenn, 32 Ill. 62; White v. White, 105 Ill. 313.

" The purchaser of an equity of redemption of mortgaged premises, having gone into possession under said purchase, is estopped upon foreclosure of the mortgage, from claiming adverse title in himself; a fortiori from setting up adverse title in a stranger." Wanzer v. Blanchard et al., 3 Mich. 11.

HENRY B. KEPLEY, attorney for appellees Isaac N. Harper and Henry B. Kepley, contended that on a bill in equity to foreclose a mortgage, an independent, adverse title, based upon a tax deed for the land, can not be litigated, but must be relegated to a court of law, where the legal rights of the parties can be investigated and adjudicated, and that one claiming under such a title is not a proper party to the bill, and if made a defendant, upon properly setting up, by answer, the tax deed as an independent, paramount and adverse title, the bill should be dismissed as to him. Under that rule and under the pleadings in this case, neither Isaac N. Harper nor Henry B. Kepley was a necessary or proper

party to the bill, and the court ruled correctly in dismissing
the bill as to them. Gage v. Perry, 93 Ill. 176; Bozarth
v. Landers et al., 113 Ill. 181; Gage v. Mayer, 117 Ill. 632;
Parker et al. v. Shannon, 114 Ill. 192. In Gage v. Mayer,
117 Ill. 632, the court says: " It may be regarded as a well
settled principle, that a court of equity is not the proper
tribunal for the trial of legal title to real estate. An action
of ejectment in a court of law must be resorted to where the
parties desire to contest the validity of conflicting titles.
An action of ejectment can not be tried in a court of equity
by bill or cross-bill."

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION
OF THE COURT.

On January 1, 1887, John L. White executed and deliv-
ered to Zimri Dwiggins two trust deeds on certain real
estate, to secure the payment of a certain bond and certain
notes, payable to the United States Loan and Trust Com-
pany. The bond and notes were assigned to appellant, who
filed a bill to foreclose the trust deeds upon the maturity of the
indebtedness. A decree, *pro confesso*, was rendered against
all of the defendants except Henry D. Kepley and Isaac N.
Harper, who filed answers and contended that they were
not proper parties to the bill. The court below rendered a
decree in accordance with this claim and dismissed the bill
as to these defendants.

There are certain facts concerning which there is no dis-
pute. After the execution and delivery of the trust deeds,
John L. White, who was an unmarried man, conveyed the
premises described in the trust deeds to Amanda Berridge,
and the latter assumed the payment of the bond and notes
secured by the trust deeds. Afterward Kepley bought of
Amanda Berridge the right to the possession of the premises,
for a valuable consideration, and took the possession thereof
through his tenant. Finally Kepley conveyed the premises
and delivered the possession thereof to Harper, who mort-
gaged the premises to Kepley, to secure the payment of the
purchase money therefor. Thus far there is substantial

agreement between the parties as to the facts of the case. It is contended, however, on the part of the appellant, that Amanda Berridge and her husband deeded the premises to Kepley about the time of the making of the contract transferring the possession thereof, and that the delivery of the possession was merely for the purpose of perfecting the transfer of the land.

This proposition is denied by Kepley and Harper, who insist that no valid deed was made to Kepley by Amanda Berridge, but that Kepley had an adverse and independent title to the premises, that is, a tax title, in no way connected with the title of John L. White, and that the agreement relative to the transfer of possession was made for the purpose of avoiding a law suit, and that the possession, when obtained, was held under the tax title, and not in privity with John L. White or his grantee, Mrs. Berridge. Hence Kepley and Harper contend that they are not proper parties to the bill, while appellant holds the contrary, and insists upon an order against them for the surrender of the possession of the premises at the expiration of the time allowed by law for redemption.

In the view of the case taken by this court, it is not very material whether a valid deed was made by Mrs. Berridge to Kepley or not. In either case Kepley and Harper were proper parties, and their interest, whether an equity of redemption or the right of occupancy, should have been foreclosed. It is beyond question that Harper was in possession of the premises. If this possession was derived from the grantor in the trust deeds, then Harper was a proper party, and his immediate grantor, Kepley, to whom he had mortgaged the premises, was also a proper party. In Richardson et al. v. Hadsall, 106 Ill. 476, it was held that a tenant in possession under the mortgagor was a necessary party defendant and that his interest would not be cut off by the decree unless he was a party. See also, as supporting this proposition, the following authorities: Ohling et al. v. Luitjens, 32 Ill. 23; Dunlap v. Wilson et al., Id. 517; Cutter et al. v. Jones, 52 Id. 84; and Scates v. King, 110 Id. 456.

But it is said that Kepley's title was by virtue of a tax deed; that it was adverse and independent, and was not derived in any manner from or through the grantor in the trust deeds. If this is the fact, then Kepley and Harper were not proper parties to the bill, and.the same was properly dismissed as to them. Gage v. Perry, 93 Ill. 176; Bozarth v. Landors et al., 113 Id. 181; Parker et al. v. Shannon, 114 Id. 192; Gage v. Mayer, 117 Id. 632.

There is no evidence in the record, however, to show the existence of a tax title. No tax deed was offered in evidence. No proof was made to show the giving of the notice required to authorize the execution and delivery of a tax deed. The loose and unsatisfactory references to a tax title in the parol evidence can not be regarded as proof of the existence of such a title. And while a court of equity will not assume to determine the *validity* of an adverse and independent title in a suit for the foreclosure of a trust deed, neither will a court of equity assume the *existence* of such a title without some competent evidence tending to show the fact. The allegations of the answer can not be held to be conclusive. Some evidence must be offered to establish the fact that the claim is under an adverse title, and when this is made to appear, the chancellor will refuse to proceed further, and require the parties to settle the controversy in a court of law.

But it is said that the burden of proof is on appellant to show that Kepley and Harper did not claim under an adverse title. The burden of proof was indeed on appellant to show, in support of the allegations of the bill, that Kepley and Harper claimed some interest in the premises, by possession or otherwise, derived from the grantor in the trust deeds. This was done. If, then, for the purpose of overcoming the conclusion deducible from this evidence, Kepley and Harper set up an adverse tax title in Kepley, it was incumbent on those defendants to sustain their allegations by evidence, or lose the benefit thereof. This seems to have been the course pursued in Gage v. Perry, *supra*, where it appeared from the answer *and the evidence introduced under the answer,*

that Gage did not claim title under the mortgagor, but asserted an independent, adverse title derived from a sale of the premises for the non-payment of taxes.

It is sufficient to state, in conclusion, that Kepley's interest in the premises, and consequently Harper's, as far as the same is disclosed by this record, was derived from the grantor in the trust deeds and was subordinate to the trust deeds, and was subject to foreclosure in order that appellant might receive the full relief to which she was equitably entitled. If Harper, as the grantee of Kepley, has an adverse and independent title to the premises, he can assert his right by an action at law.

The decree is reversed, and the cause is remanded, with instructions to the Circuit Court to render a decree in conformity with the views herein expressed.