J. B. PIOT, Admr., Defendant in Error, *vs.* E. R. DAVIS, Plaintiff in Error.

*Opinion filed October 26, 1909.*

1. APPEALS AND ERRORS—*when claim that the answer must be taken as true is not borne out by record.* A claim that the answer to a foreclosure bill must be taken as true because no replication was filed is not borne out by the record, where the record does not purport to be complete, the certificate of the clerk merely stating that the record contains a true copy of "the bill of complaint, summons, answer, certificate of evidence and decree."

2. SAME—*when filing of replication will be held to have been waived.* Where a foreclosure case is not heard upon bill and answer but upon the pleadings and evidence, the filing of a replication will be held, on appeal, to have been waived.

3. MORTGAGES—*parties claiming through mortgagor are proper and necessary parties to foreclosure suit.* All persons claiming by or through the mortgagor or under his chain of title are proper and necessary parties to a bill to foreclose the mortgage, and when such parties are brought before the court their rights may be passed upon and settled by the decree.

4. SAME—*when rights of holder of unrecorded deed are subject to lien of mortgage.* Where a father holding an unrecorded deed to land the record title of which is in his daughter, who resided with her parents on the land when the deed was made, assists the daughter in mortgaging the land, tells the mortgagee that it is all right to make the loan, and thereafter insures the buildings on the land in the daughter's name and at times pays the interest on the mortgage, it is proper, in a proceeding to foreclose the mortgage, to hold the rights of the father to be subject to the mortgage lien.

5. SAME—*court may, in foreclosure, settle priorities between mortgage and unrecorded deed from mortgagor.* In foreclosure the court may settle the question of priority as between the mortgage and a prior unrecorded deed from the mortgagor, where the bill alleges that the defendant holding the unrecorded deed claims some interest in the premises, in possession or otherwise, but avers that such interest is subject to the complainant's mortgage, and the answer of such defendant alleges that he owns the fee by deed from the mortgagor and possession thereunder, and denies that his rights are subject to the mortgage.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

JAMES J. RAFTER, for plaintiff in error:

A defendant to a bill to foreclose a mortgage is not a proper party when it appears by his answer and proof that he claims under an adverse legal title acquired prior to the making of mortgage. *O'Connell* v. *O'Conor,* 191 Ill. 222; *Gage* v. *Perry,* 93 id. 176; *Bozarth* v. *Landers,* 113 id. 181.

Where an estoppel is relied upon in equity it must be pleaded, and proved by clear, precise and unequivocal evidence. *Railway Co.* v. *Coal Co.* 230 Ill. 169; *Crone* v. *Crone,* 180 id. 606; *Johnson* v. *Johnson,* 114 id. 611; *Insurance Co.* v. *Meyer,* 93 id. 271.

Estoppel *in pais* must be based upon a fraudulent purpose and a fraudulent result. Fraud is not presumed but must be proven, and if the element of fraud is wanting there is no estoppel. 2 Story's Eq. Jur. sec 1543; Bigelow on Estoppel, 60; *People* v. *Brown,* 67 Ill. 435; *Gallagher* v. *Northrup,* 215 id. 563.

The bill waives an answer under oath. The answer of plaintiff in error, for want of a replication, is taken as true. Hurd's Stat. 1905, chap. 22, sec. 29.

The evidence of a warranty deed and possession antedating four years the mortgage from Inez Davis to E. R.

Davis overcomes the mortgage title herein.   6 Am. & Eng. Ency. of Law, (2d ed.) 156; *Glos* v. *Greiner,* 226 Ill. 548.

A warranty deed, when duly executed, is deemed and held a conveyance in fee simple to the grantee.   Hurd's Stat. 1905, chap. 30, sec. 9.

Possession is notice to the world of the right of the possessor.   *Flint* v. *Lewis,* 61 Ill. 299; *Druley* v. *Adam,* 102 id. 177; *White* v. *White,* 105 id. 313; *Jaques* v. *Lester,* 118 id. 246; *Harris* v. *McIntyre,* id. 276; *Morrison* v. *Morrison,* 140 id. 560; *Joiner* v. *Duncan,* 174 id. 252.

Proof of possession under a claim of ownership is *prima facie* evidence of ownership.   *Glos* v. *Huey,* 181 Ill. 150; *Harlan* v. *Eastman,* 119 id. 22.

The assignee of a trust deed in the nature of a mortgage takes it subject to all defenses which could be made against the grantee.   *Olds* v. *Cummings,* 31 Ill. 188; *McAuliffe* v. *Reuter,* 166 id. 491; *Trust Co.* v. *Aff,* 183 id. 91; *Buehler* v. *McCormick,* 169 id. 269; *Bouton* v. *Cameron,* 205 id. 63.

The allegations in a bill of chancery, the proof and the decree must agree or no recovery can be had.   If the complainant fails to prove his case as made in the bill he will not be entitled to recover, although the facts actually proved by him would have entitled him to relief had his bill been framed upon a different theory.   *McKay* v. *Bissett,* 5 Gilm. 499; *Kellogg* v. *Moore,* 97 Ill. 282; *Brockhausen* v. *Bochland,* 137 id. 552; *Page* v. *Greeley,* 75 id. 400; *DeLeuw* v. *Neely,* 71 id. 473; *Millard* v. *Millard,* 221 id. 86; *Dorn* v. *Geuder,* 171 id. 262; *Higgins* v. *Higgins,* 219 id. 153; *Long* v. *Metzger,* 206 id. 488.

LOUDEN & CROW, for defendant in error:

The transcript in this case is not certified by the clerk to be a "full, true and complete" transcript of the record of the proceedings had in the court below, and for that reason this court has no jurisdiction to reverse the decree of that

court for the alleged errors assigned or either of them. *Glos* v. *Randolph,* 130 Ill. 245; *Bertrand* v. *Taylor,* 87 id. 235; *Deimel* v. *Parker,* 164 id. 627; *Road District* v. *Miller,* 156 id. 221; Practice act of 1907, sec. 100.

Error is never presumed, and he who alleges it must make the same appear from the record. *Graham* v. *Dixon,* 3 Scam. 115.

An unverified answer is not evidence for any purpose but is a pleading only, and the want of a replication is not ground for reversal where the parties have submitted the cause for decision upon pleadings and proof and the court heard the proof without objection. *Marple* v. *Scott,* 41 Ill. 50; *Jones* v. *Neely,* 72 id. 449.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery, in the usual form, filed by J. B. Piot, the testator of the defendant in error, in the circuit court of St. Clair county, against Inez Schmith, Albert L. Schmith, E. R. Davis and others, to foreclose a mortgage in the nature of a trust deed, bearing date September 28, 1899, upon premises located in said county, given by Inez Schmith and husband to H. D. Sexton, as trustee, to secure the payment of a promissory note of even date with said mortgage, for the sum of $2000, due one year after date, bearing interest at six per cent per annum, and signed by Inez Schmith and payable to H. D. Sexton, and by him endorsed and delivered to the testator of the defendant in error, before maturity. The defendants, with the exception of E. R. Davis, made default, and Davis answered the bill. The issues were tried by the court, and a decree was entered in favor of the testator of the defendant in error for $2403.70, which decree was affirmed by the Appellate Court for the Fourth District, and E. R. Davis has sued out this writ of error to review the judgment of the Appellate Court.

During the pendency of the case in the Appellate Court the death of J. B. Piot was suggested, and his executor, J. B. Piot, was substituted as defendant in error in his stead.

It appears from the pleadings, proofs and decree that prior to the tenth day of June, 1891, the premises in question belonged to the wife of the plaintiff in error, and that thereafter the same were conveyed by her and the plaintiff in error to their daughter, Inez Davis, (now Inez Schmith,) and that on June 11, 1895, Inez Davis conveyed the same to E. R. Davis for $625, which deed was recorded on October 20, 1904; that during the time the title was in the wife of the plaintiff in error, the plaintiff in error and wife mortgaged the same to John Drury for the sum of $1000; that the daughter, at the time of the conveyance to plaintiff in error, resided upon said premises with her parents; that subsequent to the conveyance to plaintiff in error he caused the buildings on the premises to be insured in his daughter's name, and that at the time the loan sought to be foreclosed was being negotiated, the plaintiff in error stated to Sexton, who made the loan, that "they were very much in need of the money and that it would be all right to make the loan;" that out of the proceeds of the loan the debt due John Drury was paid and his mortgage released; that during all that time the title had stood of record in Inez Davis, and that plaintiff in error, subsequent to the date of the mortgage, at times paid the interest thereon as it accrued and thereby recognized the validity of the mortgage.

There is, as the Appellate Court suggests, some conflict in the testimony. We, however, agree with that court that the evidence fairly tends to show that E. R. Davis assisted his son-in-law and daughter in negotiating said loan, and that he never made any claim that he owned said premises or had any interest therein until October 20, 1904, some five years after said loan was made, when he recorded the deed to him from Inez Davis, his daughter.

It is first contended that the record fails to show that a replication was filed to the answer of the plaintiff in error, and it is said that the answer for that reason should be taken as true. The certificate of the clerk, attached to the record, states that the record contains a correct copy of "the bill of complaint, summons, answer, certificate of evidence and decree." From what appears in this certificate it may be a replication was filed. In any event, the case was not heard upon bill and answer but upon the pleadings and evidence, and in that state of the record the filing of a replication would be held to have been waived. *Marple v. Scott,* 41 Ill. 50; *Jones v. Neely,* 72 id. 449.

It is next contended that the plaintiff in error established legal title in himself to the premises by the deed from his daughter to him and by proof of possession of the premises under said deed, and that in this proceeding the court did not have the power to decree that the title held by him was subject to the lien of the mortgage sought to be foreclosed. The title of the plaintiff in error was not adverse to the mortgagor. In *Gage v. Perry,* 93 Ill. 176, on page 179, it was said: "In a bill to foreclose a mortgage, not only the mortgagor, but all persons claiming by, through or under him or under his chain of title, are proper and necessary parties to the bill, and when such parties are brought before the court their rights may be passed upon and settled by a decree."

The plaintiff in error relied upon an unrecorded deed from the mortgagor, and the evidence showed that the loan was negotiated by him, or with his assistance, knowledge and consent, and the mortgage given to secure it was recognized by him as a valid mortgage for a number of years after it was executed and recorded, and after the execution of the mortgage the title was recognized by him as being in Inez Davis, and we think, under well settled equitable principles, the court properly held the lien of the mortgage was superior to plaintiff in error's rights in the premises.

This case differs from the cases relied upon by plaintiff in error where it was held that adverse claims of title in no way connected with the title of the mortgagor are not a proper subject of consideration in a suit to foreclose a mortgage. *Gage* v. *Perry, supra; Bozarth* v. *Landers,* 113 Ill. 181; *O'Connell* v. *O'Conor,* 191 id. 215.

It is finally contended that the facts averred in the bill of complaint, and proven, were not sufficient to entitle the complainant to relief as against the plaintiff in error. The bill averred that E. R. Davis had, or claimed to have, some interest in the mortgaged premises, in possession or otherwise, but that whatever rights or interests he had therein were subject to the rights of complainant, and the answer of Davis averred he was the owner of said premises in fee by virtue of the deed executed to him by Inez Davis and by virtue of his possession of said deed, and denied that his rights were subject to said mortgage. The complainant and Davis both claimed an interest in said premises,—the one a lien and the other a fee,—by virtue of conveyances from Inez Davis. The question, therefore, made by the pleadings was, which had the prior right in said premises? and we are unable to see why the court, under the pleadings, could not properly determine and establish the priorities of the parties in the premises. The evidence showed the plaintiff in error's deed was not recorded; that after it was made his daughter remained in possession of the premises, and that he said to Sexton, at the time the loan was made, "it would be all right to make the loan," and that after the loan was made he recognized the premises as belonging to Inez Davis by taking out insurance thereon in her name and the validity of the mortgage by paying interest on the indebtedness secured thereby. Had the parties each held mortgages upon the premises executed by Inez Davis, clearly the court would have had the power to settle their priorities under averments similar to those found in this bill and answer, and we think the fact that one of

the parties held an unrecorded deed did not deprive the court of the power to establish a lien in favor of the complainant against the land, which might defeat the title of the plaintiff in error if the lien should be foreclosed by a sale and no redemption of the premises should be effected.

The decree entered in this case does substantial justice between the parties and was properly affirmed by the Appellate Court. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*