ELIJAH CARTER, Plaintiff in Error, *v.* DAVID BARNES AND WIFE, Defendants in Error.

### ERROR TO ROCK ISLAND.

When land in a conveyance is so described that it cannot be identified; or the description calls for premises not having an existence, or that cannot be found, the conveyance is void.

Omissions or mistakes may be corrected in equity so as to make the contract conform to the intention of the parties, or a proper case made.

THE opinion in this case gives a statement of it.

J. J. BEARDSLEY, for Plaintiff in Error.

HAWLEY and WELLS, for Defendants in Error.

WALKER, J. This was a bill to foreclose a mortgage executed by Barnes and wife to Carter, on the 17th day of November, 1856, to secure the payment of three thousand dollars. The land conveyed by the mortgage is thus described : "A certain tract or parcel of land situated in the county of Rock Island, State of Illinois, and described as follows, to wit: The east half of the south-west part of the north-east fractional quarter of section thirty-six (36), in Township eighteen (18) north, of Range two (2) west of the 4th P. M., excepting and reserving therefrom that portion of the above tract already conveyed to the Chicago and Rock Island Railroad Company as right of way for the railroad." To this bill a demurrer was filed, which was sustained by the court and the bill dismissed. From that decree the complainant prosecutes this writ of error, and asks a reversal, for the reason that the court sustained the defendant's demurrer, and rendered a decree dismissing the complainant's bill.

The only question presented by this record is, whether the description of the land attempted to be conveyed by the mortgage, is such as to identify its location. The description, " the south-west part of the north-east fractional quarter of section thirty-six," is a call for a piece of land in a triangular shape, in the south-west corner of the quarter. But whether it contained ten, fifty, eighty or more acres, does not appear. Then the call for the east half of the south-west part, renders it, if possible, still more uncertain. So of the reservation or exception of the portion previously conveyed to the railroad, as a right of way. Without rejecting a portion of the language employed, we are unable to see that the land can be located, and we have no right to reject the words employed by the parties, and we are wholly unable to see that by doing so we would effectuate their intention. It might be that by so doing, the court would create a contract which was not contemplated by the parties. This we have no power to do.

Had the number of acres been given in the description which this tract contained, or which was embraced in " the south-west part," then we could not say that the land could not be located. But as the description stands in the deed, we have no hesitation in saying that its location is impossible. If a surveyor were to locate and fix the boundaries of any portion of that quarter of land, in any shape, or containing any number of acres, it would

not, by reference to the deed, appear to be the land conveyed. If this mortgage was placed in the hands of a practical surveyor, and he required to locate this tract of land, it is perfectly apparent that it could not be done.

Whenever an attempt is made to convey lands and the description employed is such that it appears from itself that the premises cannot be found and identified, or if the description calls for a subject matter having no existence, or impossible to be found, it must be regarded as void. And courts cannot permit extraneous evidence to explain the intention of the parties. The contract as executed, must explain itself. A contract cannot rest partly in writing and partly in parol. It is true that if the draftsman in preparing the deed, made a mistake and omitted some portion of the contract of the parties, or if by mistake he inserted into it some matter which was not a part of the agreement as made by the parties, and rendered the agreement variant from the contract they designed, and supposed they had executed, then a court of equity, on a proper case, has the power to reform and then enforce the contract as it was designed to have been executed. In this case, however, the bill was not prepared with that view, and the court could not, on this bill have given such relief. The land described in the mortgage being impossible of location, a foreclosure would have availed the complainant nothing, and having failed to show by his bill that he was entitled to relief, the court below decided correctly in sustaining the demurrer and dismissing the bill. The decree is therefore affirmed.

*Decree affirmed.*