268        GAGE *v.* BILLINGS *et al.*        [Sept. T.,

Syllabus.    Statement of the case.

## HENRY H. GAGE

*v.*

## LAURA L. BILLINGS *et al.*

1. CLOUD UPON TITLE, *arising on a tax deed—jurisdiction in chancery.* A court of equity has power to remove a cloud upon the title of a party in possession of land, claiming to be the owner, such cloud arising upon a collector's deed on a sale for taxes, when the taxes had been, in fact, paid before the sale.

2. Although the party in possession can defend an action of ejectment, if one be brought against him by the holder of the tax deed, yet such an action may be so long delayed as to place the defending party at great disadvantage. And such party can not be said to have a remedy at law, though he may have a defense at law.

APPEAL from the Superior Court of Chicago.

This was a bill in chancery filed by Laura L. and Samuel Billings, Henry H. Gage being made defendant, to set aside a judgment of the county court of Cook county, for taxes, and that the sale thereunder, together with the deed to the premises made in pursuance thereof, and all proceedings connected therewith, might be declared null and void.

It is complained that the county treasurer filed a pretended delinquent list, defective in its particulars; that he published notice of application for judgment, in which the premises in question were not included; that he did not, with the county clerk, correct his delinquent list, and make the necessary affidavit on the first day of the term; that, notwithstanding all this, he sued for and obtained judgment and precept against said lands, and sold them, and issued the usual certificate, which was afterward assigned to William H. Haase, to whom the sheriff issued a deed upon an affidavit, which, it is alleged, does not show compliance with the requirements of law; and that the executor of said Haase deeded to the defendant.

In the description of each item, the bill refers to the records and files of the county clerk's office, for a more complete inspection of their infirmities; also alleging that the complainants are the owners in fee and in possession of the premises, and that the tax deed is a cloud upon their title.

Defendant demurred for want of equity, and because complainants had a clear and adequate remedy at law. The demurrer was overruled, and the defendant electing to abide by his demurrer, and failing to answer the bill of complaint, the bill was taken as confessed, and the cause submitted upon the following stipulation :

" The counsel for the respective parties hereto, in open court, stipulate, that the title and possession of the land in question may be assumed to be, and to have been, in the complainant, Laura L. Billings, and her grantors, direct and remote, as in said bill is stated, and that all taxes due upon said premises have been paid, and that, by and from the files and records of the county court of Cook county, and of the office of the recorder of deeds in said county, appear the matters and things in said bill stated and alleged concerning the delinquent list, the collector's notice, the application for judgment, his oath to the delinquent list, the judgment, precept, return, certificate of sale, notice of purchase by assignee of certificate, affidavit of service of such notice, deed of the sheriff on said tax certificate, and the deed to the defendant, and that all such matters may be considered as proven by the said records and files, the production thereof being waived, and the foregoing being all the evidence given in said cause."

The court decreed according to the prayer of the bill. The defendant appeals.

Mr. Edward Roby, for the appellant.

Mr. Sanford B. Perry, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This case is in all important particulars like the preceding case of *Gage* v. *Rohrbach.*

In that, we held a court of equity had power to remove a cloud upon the title of a party in possession of land, claiming to be the owner, such claim arising from a collector's deed on a sale for taxes, when the taxes had been, in fact, paid before the sale.

It is true, as argued by appellant, the party in possession can defend an action of ejectment, if one be brought against him by the holder of the tax deed; but such an action may be so long delayed as to place the defending party at great disadvantage. Such a party can not be said to have a remedy at law, though he may have a defense at law. We think the power of a court of equity is properly invoked in such a case.

The decree of the court below must be affirmed.

*Decree affirmed.*