Julia Zitzer et al.

v.

McAlpin Polk et al.

Mortgage—Tax title.—Where a bill is filed against mortgagors to foreclose a mortgage, and a party who claims the mortgaged premises under a tax deed is made a party defendant, the court should dismiss the bill as to such person. The court has no jurisdiction to adjudicate upon an adverse legal title in such suit. The fact that the tax title was acquired after the mortgage does not change the rule.

Error to the Circuit Court of Richland county; the Hon. Wm. C. Jones, Judge, presiding.  Opinion filed June 12, 1886.

Bill by defendants in error against John Van Gunter and wife, as mortgagors, to foreclose a mortgage making them and Charles Von Gunter, who was in possession of the mortgaged premises under a tax deed, parties defendant.  A supplemental bill was filed making Julia Zitzer defendant, she having purchased the premises of Charles after the original bill was filed.

The plaintiffs in error, Julia and Charles, claimed to own the premises in fee by virtue of their tax deed.  Charles, after answer filed and before hearing, having died, his administrator, John Von Gunter, Jr., was made defendant.

A motion was made by said Julia and the administrator of Charles to dismiss the bill, as to them, on the ground that the court had no jurisdiction to adjudicate upon an adverse legal title in that suit, which was overruled.  A decree passed foreclosing the mortgage and setting aside the tax title, and this writ of error was sued out to reverse the decree upon that point.

Messrs. Allen & Fritchey, for plaintiffs in error ; cited Gage v. Perry, 93 Ill. 176 ; Gage v. Board of Directors, 8 Bradwell, 410 ; Bozarth v. Landers, 112 Ill. 183.

Messrs. Wilson & Hutchinson, for defendants in error.

Pillsbury, P. J.  Gage v. Perry, 93 Ill. 176, was a case where a bill was filed to foreclose a mortgage, and Gage was made defendant under the averment that he claimed some interest in the premises.  He answered setting up a tax deed under which he claimed the ownership in fee.  A decree passed setting aside his deed and foreclosing the mortgage, and on his appeal the Supreme Court held he was improperly joined, saying: " In a bill to foreclose a mortgage not only the mortgagor but all persons claiming by, through or under him or his chain of title, are proper and necessary parties to

Zitzer v. Polk.

the bill, and when such parties are brought before the court their rights may be passed upon and settled by a decree; but we have not been referred to a single authority which sustains the right of the complainant in such case to bring in a party who claims adversely and have such adverse title settled by decree. Indeed, we believe the authorities are all the other way."

It was further said that when it appeared from the answer and proofs on the trial that Gage did not claim under the mortgage title and that his title was adverse and in no manner connected with the mortgagor, he should have been dismissed from the bill. Distinction is sought to be made between that case and the present inasmuch as the tax title in the present case was acquired after the mortgage was executed, while in Gage's case it does not appear but that his title was prior in time to that of the mortgagee under the mortgage. The case of Bozarth against Landers, 112 Ill. 184, is a complete answer to this position. There Bozarth and wife executed a mortgage to complainants containing a covenant upon the part of Bozarth to keep the taxes paid upon the mortgaged premises, which he failing to do, Mrs. Bozarth purchased the same at a sale for delinquent taxes, and in due time obtained a deed therefor under which she claimed to be the absolute owner of the property. The court decreed a foreclosure of the mortgage barring all right and equity of redemption of the defendants in the premises. This was held to be error, the court saying: " The question made on the argument of the validity of the title insisted upon by Mary Bozarth, and whether she could be permitted to acquire a title adverse to the mortgage title, were not fairly within the jurisdiction of the court to determine; and it was error to bar her rights under her alleged deed, whatever they may be, as was attempted by the decree. She should have been left free to assert her title, whatever it may be, if the title of complainants under the mortgage should become absolute and they should seek to obtain possession of the premises in an action at law. The courts should give complainants no writ of assistance but should leave the parties to test the strength of their respective titles in the law courts where such matters are usually

cognizable." We deem these adjudications conclusive upon the question presented by this record. That plaintiff in error, Zitzer, derives her title from a source entirely disconnected from that of defendant in error, seems indisputable, and she and her grantor, Charles, claiming and asserting it to be adverse, the question of its validity can not be adjudicated in this proceeding, as "it is not fairly within the jurisdiction of the court to determine," as held in the above cited case. We can not consider the difficulties, suggested by counsel, that the complainants may encounter in the courts of law in obtaining possession of the mortgaged premises, if their title should become absolute, as the case falls within the rule announced in the Landers case and we must enforce it regardless of the results to either party, leaving its modification, if any should be made in this case, to the power that established it. The decree of the court below will be reversed and the cause remanded, with directions to the court below to dismiss the bill as to the administrator of Charles Von Gunter, deceased, and as to Julia Zitzer and in all other respects, to decree as in its former decree.

Decree reversed.