66  127|
104s 585|

## Henry L. Glos, Lucy M. Glos and Fred H. Blume v. Mary A. Furman.

1. CLOUDS UPON TITLE—*Tax Deed for a Vigintillionth Part, etc.*— A party who purchases at a tax sale, and receives a deed for "the vigintillionth of a vigintillionth of the east 1-64 inch of lot 1 in the S. W. quarter of Section 25," etc., acquires no interest in such lot recognized by law, and a trust deed by him upon his interest in such land creates a cloud upon the title which a court of equity will remove.

2.  Freehold—*When Involved.*—A freehold is involved within the meaning of the statute when the title to a fee is put in issue by the pleadings and controverted on the trial, or when the necessary result of a judgment or decree is that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue by the pleading that the decision of the case necessarily involves a decision of such issue.

3.  Parties—*Unknown Owners of Notes Secured by Trust Deed.*—In a proceeding to set aside a trust deed as a cloud upon the complainants' title, where the note secured by such deed is payable to the makers who are made parties to the proceeding, and there is nothing in the pleadings and proof to show that the note had been indorsed or delivered to a third person, the court may assume that the payees of the note still hold it, and they being parties it is not necessary to bring in any supposed holders of such note as "unknown owners."

4.  Tax Sales—*Object of the Statute.*—The object of the statute authorizing tax sales of lands is to compel the owners to pay the taxes upon it, or have enough of it sold so that the purchaser will obtain a real and not an imaginary interest in it and from which the owner will redeem.

**Bill to Remove a Cloud.**—Appeal from the Circuit Court of Kane County; the Hon. Henry B. Willis, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

F. J. Griffin, attorney for appellants; D. B. Sherwood, of counsel.

The *cestui que trust*—the owner of the note, was a necessary party defendant. Land v. Peck, 112 Ill. 435; Gilman v. Caine, Breese, 164; Howard v. Foster, 122 Ill. 277; Dorman v. Breton, 140 Ill. 153; Kirkham v. Justice, 17 Ill. 107.

If the owner was unknown, then such owner should have been made a defendant by the name of "unknown owner." Starr & Curtis' Statutes, Chap. 22, Sec. 7.

Demurrer was the proper practice to raise the question of omission of necessary party. Spear v. Campbell, 4 Scam. 424.

Even without demurrer the court will take notice of the omission of party in interest. Herrington v. Hubbard, 1 Scam. 573.

The evidence showed that Henry L. Glos had an interest in the land described in the trust deed.

The tax deed is evidence of ownership. Starr & Curtis, Chap. 120, Secs. 224, 226; Taylor v. Wright, 121 Ill. 461.

The statute provided that the least quantity of land must be sold from the east side of the tract. Starr & Curtis, Chap. 120, Secs. 202, 204.

CHARLES WHEATON, attorney for appellee.

Where the description employed in a conveyance is such that the premises can not be found and identified or are impossible to be found, the conveyance is void. Carter v. Barnes, 26 Ill. 454; Shackleford v. Bailey, 35 Ill. 387.

From the description the land must be capable of ascertainment by metes and bounds, or show some undivided interest therein capable of determination by computation. Laflin v. Harrington et al., 16 Ill. 301.

Every statute must have a reasonable construction, and the amount of land above mentioned has no existence and conveys no interest as against the owner. Hughes v. Streeter, 24 Ill. 647; Lancey v. Brock, 110 Ill. 609.

A claim under a void sale on a special assessment was held to be a cloud on title. Gage v. Rohrback, 56 Ill. 262. Gage v. Billings, 56 Ill. 268; same v. Chapman, Ibid. 311.

A void decree, sale and deed is a cloud upon the owner's title. Hodgen v. Guttery, 58 Ill. 431; Johnson v. Johnson, 30 Ill. 215; Campbell v. McCahan, 41 Ill. 45.

Where a sale and sheriff's deed are so defective that parties have no right to the land, yet a court of equity is warranted in setting it aside as a cloud on title. Fitts v. Davis, 42 Ill. 391.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE. COURT.

On December 23, 1891, Henry L. Glos and Lucy M. Glos, his wife, two of the appellants, executed and delivered to Fred H. Blume, the other appellant, a certain trust deed, purporting to convey, with other property, "all interest" in lot one (1) in southwest quarter of section twenty-five (25), T. 38, R. 7, and also lot two (2) of northwest quarter of said section twenty-five, T. 38, R. 7, situated in Kane county, Illinois, to secure the payment of a certain promis-

sory note for the principal sum of $7,380, due one year after date with six per cent interest, and which note was payable to the order of said grantors, Henry L. and Lucy M. Glos. This trust deed was recorded December 28, 1891, in book 302, p. 255 of the records of said Kane county. Appellee filed her bill in equity, in which it is averred that she is the owner in fee simple, and in the actual possession of the west half of section twenty-five (25), T. 38, R. 7, E. of the 3d P. M., in said Kane county. Also averring that at the time of the execution of the trust deed referred to, neither the said Glos and wife nor said Blume, had any title or interest in said premises, and no right or authority to execute such trust deed upon said land, and charges that the same was placed thereon to annoy the complainant and cloud the title to her said land. That she can not dispose of said land or raise money thereon because of said trust deed, which is, and remains, a cloud upon her title. She also avers that the premises described in the trust deed as lot 1, in S. W. $\frac{1}{4}$ of Sec. 25, T. 38, R. 7, and lot 2 of N. W. $\frac{1}{4}$ of same section are the same premises as those described in her bill, and of which she claims to be the owner.

Appellants Henry L. Glos and Lucy M. Glos answered the bill, stating they had no knowedge as to whether complainant owned the premises described in the bill or not; deny that they executed the trust deed to annoy complainant; aver that the same was executed to secure payment of the note therein described; that by said trust deed they only purported to convey their interest in the lands therein described; which interest was of record in said county at the time the trust deed was made; that said Henry L. Glos did have an interest in said lands, as would appear by the said records.

Appellant Blume demurred to the bill generally and specially on the ground that complainant had not made the owner and holder of the note secured by the trust deed a party defendant. The demurrer of defendant Blume being heard, was, by the court, overruled, and upon a hearing on

the bill, answer of defendants Glos and wife, replication thereto, and proofs, oral and documentary, produced upon the hearing, the court entered a decree in accordance with the prayer of the bill, finding the complainant to be the owner in fee simple, and possessed of the premises in controversy, and further finding " that neither of the defendants Henry L. Glos and Lucy M. Glos had or have any such appreciable interest in or title to said premises as would entitle or authorize them to execute the said trust deed thereon, and that thereby they had unlawfully and inequitably clouded the title of the said complainant to said premises. The court further found that appellant Blume had no interest in said premises, except as he was made trustee in said deed. It was thereupon decreed by the court that the trust deed should be held null and void as against the complainant, and, so far as her lands were concerned, that the cloud created thereby should be removed, etc.

It is not denied that complainant, by the proofs, established her title to the lands covered by the trust deed, while the only interest which appellants Glos and wife claimed to have therein, was held under and by virtue of the tax deed put in evidence, executed by A. M. Dupee, county clerk of Kane county, Illinois, to Henry L. Glos, and which purported to convey " the east vigintillionth of a vigintillionth of the east 1-64 inch of lot one in the S. W. quarter of section 25, town 38, range 7, and the east vigintillionth of a vigintillionth of the east ¼ inch of lot two in northwest ¼ of section 25, town 38, range 7, in the county of Kane and State of Illinois."

No pretense is made by Henry L. Glos that he had any other interest in those portions of complainant's lands covered by the trust deed, except such as he derived by virtue of his tax deed, and hence the principal question involved in this suit is, whether his interest was such as to entitle or authorize him to put this trust deed upon all of complainant's land described therein. If, in this trust deed, Glos and wife had contented themselves with conveying their interest according to the description in the tax deed,

and complainant had then filed a bill to remove the cloud, we would have had no hesitation in applying the maxim *de minimis non curat lex*, and dismissing the bill on the ground that a conveyance of such an infinitesimal portion of the premises erected no cloud on the title. While the word vigintillionth is not found in some of the best dictionaries of the English language, it is undoubtedly recognized among mathematicians, as a term in the science of enumeration; but we doubt whether any man, living or dead, ever worked out a problem to determine what a vigintillionth of a vigintillionth of anything, great or small, would be. When such a fraction is applied to a quarter inch of ground, it is beyond the power of the imagination to conceive what it would amount to. It would be absolutely incapable of possession, or location. Ejectment would not lie for it, because no writ of possession could be made available. To say that trespass could be committed upon it, would be a mere figment of the imagination, because there could be no injury to the possession of that which is incapable of being possessed. Hence no such interest was conveyed to Henry L. Glos by the tax deed, as warranted him in clouding the title to appellee's land by the trust deed to Fred H. Blume.

A motion to dismiss the appeal was made by appellee, on the ground that a freehold is involved, and the motion was taken with the case. The motion will be overruled. We do not think the question of freehold is fairly made an issue by the pleadings, and is certainly not such by the proofs. The appellants did not, on the hearing, controvert appellee's title to the land, and the only interest set up in opposition to her rights, was the infinitesimal portion conveyed to Henry L. Glos, by the tax deed, which we have seen could in no proper sense be said to vest in him a freehold to any part of the land in question. Had the complainant's claim of title in fee been put in issue by the pleadings and controverted on the trial, a freehold would have been involved. Or, when the necessary result of the judgment or decree is, that one party gains, and the other loses a freehold estate, a freehold is involved within the meaning of the statute; or,

when the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue, then a freehold is involved. Sanford et al. v. Kane, 127 Ill. 591; Banking Ass'n v. Com. Natl. Bank, 157 Ill. 524.

But here, as we have said above, the question of freehold was not made an issue either by the pleadings or proofs, and we hold no freehold is involved, and therefore this court has jurisdiction of the appeal. The demurrer filed by appellant Blume was properly overruled. The note secured by the trust deed, was, by its terms, payable to the order of the makers, Henry L. and Lucy M. Glos, who are made parties to this proceeding. If there was anything in the pleadings or proofs to show that they had ever indorsed and delivered the note to a third person, who now holds and owns it, of course such third person would be a necessary party; but we fail to find in the record any evidence that the original payees do not now own and hold the note. In the absence of such proofs the court had a right to assume that the payees of the note still held it, and they being before the court it was unnecessary to attempt to bring in any supposed holder of the note as an " unknown owner," as suggested by counsel for appellants.

Upon the merits we think the decree of the Circuit Court was clearly right. It is insisted by counsel for the appellants that the statute in relation to tax sales provides that lands shall be sold to the person who will take the smallest portion of the land for the taxes, and that, proceeding under this law, the State gives the purchaser such an interest, either legal or equitable, in the land, as is conveyed. This is true, but the statute must have a reasonable construction.

It would be but a sorry compliment to pay to the law-making power, to suppose it ever intended a man should obtain an interest in land by bidding off at tax sale a vigintillionth of a vigintillionth of a quarter of an inch in width, of even a section of land. We are unwilling to sanction the practice of attempting to give parties any rights in real estate by such purchases at tax sales. So far as the

interest in the land itself is concerned, it can never be made available, but, by doing what was done in this case, a cloud may be placed upon the title, which perhaps the owner may be induced to pay something to have removed. The object of the statute is to compel parties owning real estate to pay the taxes upon it, or have enough of it sold so that the purchaser will obtain a real and not an imaginary interest in it, and from which sale the owner will probably redeem. Sales of supposititious portions of land, however, can result in no good, either to the State or land owners. Bidders at tax sales are not required to bid off intangible quantities of land that the State may get its revenue, and if, in their greedy desire to keep out all other bidders, they see fit to purchase such infinitesimal portions of land that no rights can be predicated upon them, they have themselves to blame, and must take the consequences. Tax sales, such as the one upon which appellants' tax deed was founded, are a fruitful source of fraud and litigation. In this case the trust deed in question could not have been placed upon complainant's land with any reasonable supposition that it would furnish security for the payment of the note for $7,380. The only purpose of it seems to have been to create a cloud which she would be compelled to pay for having removed.

The decree will be affirmed.