HENRY L. GLOS *et al.*

*v.*

MARY A. FURMAN.

164   585
89a   299
89a   301

*Filed at Ottawa January 19, 1897.*

1. PLEADING—*bill to remove cloud—when not obnoxious to demurrer.* A demurrer, based on the fact that a bill to set aside a trust deed as a cloud on title failed to make the holder of the note secured thereby a party defendant, cannot be sustained where the bill alleges that the deed was given to secure a note payable to the grantor, and contains no allegation that it had been transferred.

2. REAL PROPERTY—*tract of land so small as to be only imaginary has no practical existence.* A tract of land described in a tax deed as "the east vigintillionth of a vigintillionth of the east $\frac{1}{64}$ inch" off of certain property cannot be bounded, located or taken possession of, and, practically, has no existence for the purposes for which lands are acquired and held.

3. DEEDS—*words "all interest" have a broader meaning than the words "all our interest."* The words "all interest," used in the phrase "the grantors convey all interest" in premises, have a broader signification than the words "all their" or "all our right, title and interest," and if used in their common meaning are broad enough to convey the entire premises described.

4. CLOUD ON TITLE—*when trust deed will be set aside as a cloud.* A trust deed duly recorded, executed by a party claiming an interest in the premises conveyed under a tax deed conveying to him so small a part thereof as to have no practical existence, which purports to convey "all interest" in the property as security for a large sum, may be set aside in equity as a cloud on the true owner's title.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. HENRY B. WILLIS, Judge, presiding.

This was a bill in equity, brought by appellee to set aside a trust deed executed by Henry L. and Lucy M. Glos to Fred H. Blume, trustee, as a cloud upon her title to the premises described in the bill. The bill of complaint averred that appellee was the owner in fee simple, and possessed of the real estate therein described; that

she has a good title in fee simple to the same, in law and equity, under good and sufficient conveyances, and now is, and for many years had been, in full possession of the premises under said conveyances; that appellant Henry L. Glos, fraudulently intending to annoy and harass her and to cloud her title to the premises, executed, with his wife, the trust deed in question for $7380, to secure a note payable to themselves one year from date, with interest, etc.; that neither Henry L. Glos nor his wife had any title to or interest in said premises at the time of the execution of the trust deed, and had no right or authority to execute the same upon said land; that said Fred H. Blume has no interest or title in said land except as he is made trustee in said trust deed; that the trust deed was duly recorded on the 28th of December, 1891, in the recorder's office in Kane county, and thereby said trust deed was a cloud upon the title of appellee to said premises. The bill prays that said trust deed may be set aside and declared void as against appellee, etc.

To this bill appellants Henry L. Glos and Lucy M. Glos filed their answer, in which they set up that Henry L. Glos, at the time of making said trust deed, did have an interest in the land described therein, as would appear by the records of Kane county, and that the trust deed was executed to secure the payment of the note described therein. Appellant Fred H. Blume filed a demurrer to the bill, and for cause of demurrer stated that the complainant had not in her bill made the owner and holder of the note secured by the trust deed a party defendant.

On hearing in the circuit court appellee established title to the premises, which are described as follows: Lot 1 in the south-west quarter of section 25, township 38, range 7, east of the third principal meridian, and lot 2, in the north-west quarter of section 25, township 38, range 7, east of the third principal meridian. Appellee also proved that she had been in the possession of the premises under a deed of conveyance for the last thirteen

years. She also put in evidence the trust deed alleged to be a cloud on her title, which was executed by Henry L. Glos and his wife and purported to convey "*all interest*" in the real estate in question to Fred H. Blume, trustee, to secure a note payable to the order of themselves, for the sum of $7380, one year after date, with interest at six per cent.

The appellants put in evidence a tax deed executed by A. M. Dupee, county clerk of Kane county, to Henry L. Glos, dated June 14, 1886, conveying the following described real estate: The east vigintillionth of a vigintillionth of the east $\frac{1}{64}$ inch of lot 1, in the south-west quarter of section 25, township 38, range 7, and the east vigintillionth of a vigintillionth of the east one-quarter inch of lot 2, in the north-west quarter of section 25, township 38, range 7, in the county of Kane and State of Illinois. This deed was recorded in the recorder's office of Kane county July 10, 1888. They also put in evidence three tax receipts, showing payment of taxes on part of the premises in 1891, 1892 and 1894.

The court overruled the demurrer of Fred H. Blume, the trustee, and on the pleadings and evidence entered a decree for complainant, as prayed for in the bill. On appeal the decree was affirmed in the Appellate Court.

F. J. GRIFFIN, (D. B. SHERWOOD, of counsel,) for appellants:

The *cestui que trust*, the owner of the note, was a necessary party. *Land Co.* v. *Peck,* 112 Ill. 435; *Howell* v. *Foster,* 122 id. 277; *Gilham* v. *Cairns,* Breese, 164; *Dorman* v. *Brereton,* 140 Ill. 153; *Kirkham* v. *Justice,* 17 id. 107.

Demurrer was the proper practice to raise the question of omission of a necessary party. *Spear* v. *Campbell,* 4 Scam. 424.

Even without demurrer the court will take notice of the omission of a party in interest. *Herrington* v. *Hubbard,* 1 Scam. 573.

Infinitesimal parts of land sold for taxes are valid interests in land. *Roby* v. *Chicago*, 48 Ill. 130; *Insurance Co.* v. *Stinson*, 62 Ill. App. 319.

Charles Wheaton, for appellee:

A cloud on title is any semblance of a title appearing in some legal form, which is in fact unfounded or inequitable to enforce. *Rigdon* v. *Shirk*, 127 Ill. 411.

A claim under a void sale on a special assessment is a cloud on title. *Gage* v. *Rohrbach*, 56 Ill. 262; *Gage* v. *Billings*, id. 268; *Gage* v. *Chapman*, id. 311.

A void decree, sale and deed are a cloud upon the owner's title. *Hodgen* v. *Guttery*, 58 Ill. 431; *Johnson* v. *Johnson*, 30 id. 215; *Campbell* v. *McCahan*, 41 id. 45.

Where a sale and sheriff's deed are so defective that parties have no right to the land, a court of equity is warranted in setting the same aside as a cloud on title. *Fitts* v. *Davis*, 42 Ill. 391.

Mr. Justice Craig delivered the opinion of the court:

It is first claimed in the argument of counsel for the appellants that the court erred in overruling the demurrer of Fred H. Blume, the trustee, to the bill, upon the ground that the owner and holder of the note secured by the trust deed was a necessary party to the bill. If it appeared from the bill that the note secured by the trust deed had been endorsed, and was, when the bill was filed, owned and held by a third party, there would be much force in the position of counsel that the owner of the note was a necessary party. But the bill contains no allegation that the note had been endorsed or that it was held or owned by a third party. Upon an examination of the bill it will be found that the allegation, and the only one, in regard to the note and deed of trust and the holder of the note is as follows: "That Henry L. Glos, fraudulently intending to annoy and harass her and to cloud her title to said premises, on December 23, 1891,

executed, with his wife, Lucy M. Glos, to Fred H. Blume, a trust deed on said premises, pretending to secure a note of the said Glos and wife for $7380, payable to themselves one year from date, with interest at six per cent per annum, payable annually, and with interest at seven per cent after maturity; that said Glos and wife, at the time of the execution of said trust deed, had no title to or interest in said premises, in law or equity, and no right or authority to execute said trust deed or any trust deed on said land; charges that the same was executed to annoy your oratrix and cloud her title to said land." From this allegation no inference can be drawn that the note was owned and held by a third person. As there was nothing in the bill showing that the note was in the hands of a purchaser who was not a party, the demurrer was properly overruled. Moreover, there was nothing in the answer of appellants showing that they had sold and transferred the note, nor was there any evidence introduced on the hearing that such was the fact. As it did not appear from the bill that the note had been sold and transferred, if the appellants desired to raise the question they were required to set up in the answer that they had sold the note, giving the name of the purchaser, and supported the allegation by evidence. If appellants had pursued this course and the court had decided against them, they would have been in a position to properly raise the question now attempted to be raised. So far as appears from the record before us the court did not err in its disposition of the question involved.

But it is said, appellants acquired a tax title in the premises, and they merely mortgaged their interest in the premises, whatever that interest was, and hence the mortgage or deed of trust was not a cloud on appellee's title. As has been seen, the land which the appellants acquired by the tax deed was described in the deed as follows: The east vigintillionth of a vigintillionth of the

east ₆⁴₄ inch of lot 1, in the south-west quarter of section 25, township 38, range 7, and the east vigintillionth of a vigintillionth of the east one-quarter inch of lot 2, in the north-west quarter of section 25, township 38, range 7, in the county of Kane and State of Illinois. A tract of land described as the above may perhaps be pictured in the imagination but could not be bounded. It. could not be located, nor could a person take possession of such a tract of land. Practically such a tract could have no existence for the purposes for which lands are acquired and held; and as was held in *Carter* v. *Barnes*, 26 Ill. 454, where land in a deed is so described that it cannot be identified, or if the description calls for premises not having an existence or that cannot be found, the conveyance may be regarded as void.

But should it be conceded that appellants had the right to mortgage or convey the land as described in the tax deed, they had no authority to make the mortgage in question. Appellee owned, as has been seen, lot 1, in the south-west quarter of section 25, township 38, range 7, east of the third principal meridian, and lot 2, in the north-west quarter of section 25, township 38, range 7, east of the third principal meridian. The deed of trust in question executed by appellants does not convey the premises describing them as was done in the tax deed, nor does it declare that the grantors have conveyed "all their right, title and interest" or "all our right, title and interest" in the premises, but the language of the deed of trust is thus: "The grantors convey and warrant all interest in the following described premises," (describing the property as described last above.) "All interest" has a broader signification than the language "their right, title and interest" or "all our right, title and interest." Giving the words used their common and obvious meaning, the language is broad enough to convey the premises described in the deed. If this trust deed had been given by appellants on the land they claimed to have

purchased at the tax sale, viz., the east vigintillionth of a vigintillionth of the east $\frac{6}{4}$ inch, and the east vigintillionth of a vigintillionth of the east one-quarter of an inch, of the land, it may be that appellee would have had no ground to find fault with the deed; but when they deliberately gave a mortgage on her lands as they are described in the deeds under which she obtained title, for the sum of $7380, and that mortgage was placed upon record as a valid and subsisting lien on the premises, a more serious question is presented. Was such a deed of trust a cloud on the title of appellee to the premises in question? We think it was.

In *Gage* v. *Rohrbach*, 56 Ill. 262, it was held that a claim under a void sale on a special assessment was a cloud on a title, which a court of equity would remove upon bill filed by the owner of the property. The same doctrine was asserted in *Gage* v. *Billings*, 56 Ill. 268.

In *Hodgen* v. *Guttery*, 58 Ill. 431, it was held that equity will entertain jurisdiction, on behalf of the owner of the fee of lands, to remove a cloud upon his title created by a sale of the premises, and a deed thereunder, under a decree of foreclosure of a mortgage thereon. It is there said (p. 438): "The decree being void as to appellee in the former suit, and he not being liable to pay or the land not being chargeable with the mortgage, has appellee any right to maintain this bill? We think he clearly may to remove a cloud on his title. Here is a decree, void as to him, it is true, and a sale and deed made under the decree equally void; but still it is such as to deter some and render others doubtful in the purchase of his title. It is calculated to materially impair the price of the land if put upon the market. * * * For that reason it is such a cloud as authorizes a court equity to entertain jurisdiction for its removal."

What was said in the case last cited applies here. Should appellee undertake to sell her land, here is a mortgage in due form of law, for a large sum, resting

upon it. This, to a person not skilled in titles, would be enough to defeat a sale, although the mortgage was not executed by the owner of the property.

But it is said, this court has uniformly held that where a tax deed or tax sale is void, yet equity requires the party seeking to remove the tax claim to do equity by repayment of the amount expended, with interest. That is true; but this is not a proceeding to remove the tax sale or the tax deed held by appellants. No attack has been made by the bill or the decree on the tax deed held by appellants. It remains unaffected by the decree. The object of the bill here was to remove a deed of trust placed upon lands which, so far as could be determined, were not embraced in the tax deed,—lands which appellants had no authority to mortgage.

We regard the decree as correct, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*