## Eleanor M. Smith v. Elizabeth M. Kenny.

1.  PRESUMPTIONS—*As to the Validity of Written Instruments.*—When a trust deed and notes are introduced in evidence and no objection to the genuineness of the signatures to them is made and the trust deed is properly recorded, the presumption is that they are valid instruments.

2.  WILLS—*Restrictions Upon Alienation.*—A testator devised real estate to his wife and children, to be divided between them on condition that it be not sold until after his youngest child living at the time of his decease and the youngest child of one Frederick Voss living at the time of his decease, should become of age, or in case of the death

of either of them, until after the date or dates when said children would have become of age if living. *It was held* that the condition in the will was a restriction upon alienation inconsistent with the estate devised.

3. JUSTICES OF THE PEACE—*Consolidation of Causes of Action.*—The statute which requires that in a suit before a justice each party shall bring forward all his claims against the other, existing at the time of the commencement of the suit, has no application to cases where the demands, if consolidated, would exceed the jurisdiction of the justices.

4. TAX DEED—*Of a Vigintillionth Part of Premises.*—The nominal purchase of, at a sale of lands for delinquent taxes, one vigintillionth part of a forty-foot lot, would seem in reality to be a voluntary payment of the taxes without consideration, and a deed for the same does not constitute a cloud upon the title of the lot and may be regarded as void.

5. ADVERSE TITLES—*In Foreclosure Suits.*—A court of equity has no jurisdiction to adjudicate upon an adverse legal title held by a party defendant in a foreclosure suit, but the court should dismiss the suit as to such defendant.

**Foreclosure.**—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1899. Affirmed in part and reversed and remanded in part with directions. Opinion filed May 10, 1900. Rehearing denied.

JOHN W. SUTTON, attorney for appellant; WM. E. HUGHES, of counsel.

In a proceeding to foreclose a mortgage, an adverse claim of title in no way connected with the mortgage as a title under tax sale, is not a proper subject of consideration by the court. Gage v. Board of Directors, etc., 8 Ill. App. 410, 413.

A tax title being an adverse title, will never be enforced by a court of chancery. Zitzer v. Polk, 19 Ill. App. 61; Bozarth v. Landers, 113 Ill. 181; Gage v. Perry, 93 Ill. 177.

FOLEY & FOLEY, attorneys for appellee; W. W. H. HARRIS, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a decree foreclosing a trust deed. August 6, 1894, appellant executed to her own order a

promissory note for the sum of $2,250, due five years after said date, with semi-annual interest at the rate of seven per cent per annum, and also ten interest notes or coupons, also payable to her own order, for the semi-annual interest to become due on said principal note, for $78.75 each, and payable, the first coupon note February 6, 1895, the second August 6, 1895, and so alternately on said days in the months and years in which the remainder of said coupon notes would fall due. All of said notes were indorsed in blank by appellant and delivered to appellee. To secure the payment of said notes, appellant executed a trust deed to William E. Mason, as trustee, of the undivided $\frac{1}{4}$ of the west $\frac{1}{2}$ of lot 6 in block 48, in the school section addition to Chicago, in section 16, township 39 north, range 14, east of the third principal meridian, in Cook county, Illinois. The trust deed contains the following:

" Now, if default be made in the payment of the said promissory note, or of any part thereof, or the interest thereon, or any part thereof, at the time and in the manner above specified for the payment thereof, or in case of waste or non-payment of taxes or assessments on said premises, or of a breach of any of the covenants herein contained, then, in such case, the whole of said principal note and interest, secured by the said principal promissory note shall thereupon, at the option of the legal holder -thereof, become immediately due and payable," etc.

The bill was filed June 7, 1898, and alleges default in the payment of the interest note due February 6, 1898, and interest thereon from August 6, 1895. The bill was answered by appellant and others made defendants thereto, and the issues having been made up as to all defendants who were not defaulted, the cause was referred to a master to take proof and report his conclusions, etc. The master reported the evidence and his conclusions, and found that there was due to appellee the sum of $3,615.22, and recommended a foreclosure and sale, etc. The court overruled exceptions to the master's report, confirmed the report, and decreed in accordance with the master's recommendations. The evidence will not be referred to in this opinion farther

than is necessary to consider the objections of appellant's counsel to the decree, which, so far as we deem it necessary to consider them, are substantially as follows:

1. There was no proof of the execution of the notes and trust deed. The notes and trust deed, signed "Eleanor M. Smith," were put in evidence, and it was not objected that the signature of appellant to them or any of them, was not genuine. The trust deed is properly acknowledged, and is recorded. Such being the evidence, the presumption is that they are valid instruments. 1 S. & C.'s Stat., C. 30, Par. 36; Pratt v. Pratt, 96 Ill. 200, 201.

2. Objection to allowance of amounts due on interest notes one, two and five, on the ground that they are barred by the statute.

In support of this objection, counsel rely on a transcript of the proceedings in a suit before a justice of the peace, and upon the act concerning justices of the peace and constables, which requires that in a suit before a justice each party shall bring forward all his claims against the other, existing at the time of the commencement of the suit, which are of such a nature as to be consolidated, and which, when consolidated, do not exceed $200, and provides that the party neglecting so to do shall be forever debarred. 2 S. & C.'s Stat., C. 7, Par. 53.

The justice's transcript shows that the suit was by appellee against appellant on notes, and that judgment was rendered in favor of appellee December 22, 1897, for the sum of $157.50 and costs. The claim is that the suit was on coupon or interest notes three and four; that interest note one was then due and unpaid, and therefore should have been brought forward and consolidated with interest notes three and four sued on. The claim is not tenable. Had the three notes been consolidated, the amount would have been $236.25, an amount in excess of $200, and beyond the jurisdiction of the justice. Nickerson v. Rockwell, 90 Ill. 460; Lufkin v. Thomas, Ill. App., Gen. No. 8432, unreported.

The suit brought on coupon number five was dismissed.

3.   Objection that appellant could not lawfully execute the trust deed.   The premises in question were devised to appellant and her mother by her father, Matthew Kiley, whose will contained the following :

"I give to my wife and children, to be divided between them, my interest in the real estate known as 69 W. Monroe street in the city of Chicago, owned by Frederick Voss and myself jointly, on the condition, however, that said real estate be not sold until after both my youngest child living at the time of my decease, and the youngest child of Frederick Voss living at the time of my decease, or, in case of the death of either of them, until after the date or dates when said child or children would have become of age if living."

The evidence is that Lily Voss is the youngest child of Frederick Voss, that she was born May 30, 1882, and that she is still living.   Appellant's counsel contend that Lily Voss having been living and a minor August 6, 1895, when the trust deed was executed, appellant could not, in view of the above quoted provision of the will, legally execute the trust deed.   The master reported and the court held, correctly, as we think, that the restriction on alienation contained in the will is inconsistent with the estate devised. Jones v. Port Huron Engine Co., 171 Ill. 502; Henderson v. Harkness, 176 Ib. 302; Muhlke v. Tiedemann, 177 Ib. 606.

The devise is of an estate in fee, and under the statute technical words of inheritance are not necessary to pass such an estate.   1 S. & C.'s Stat., C. 30, Par. 14; Muhlke v. Tiedemann, *supra*, P. 613, 615.

4.   Objection is made to the allowance of $800 for the purchase by appellee of an alleged tax title.   One Jacob Glos was made a defendant to the bill, his interest in the premises not being alleged, and the bill containing no allegation that the appellee had paid any taxes or redeemed from any tax sale.   Glos answered, stating that at a sale September 25, 1894, for the general taxes of 1893, he purchased the east one-vigintillionth of the premises in question for the sum of $325.57, and obtained a certificate of said purchase; that the premises were not redeemed from said sale, and

that, on proper proof made, the county clerk issued to him a tax deed September 21, 1897, which was recorded September 22, 1897, conveying to him title to the premises so purchased; that the amount necessary to redeem on the last day for redemption was $651.14; that his title is independent of that sought to be foreclosed, and not liable to be brought into controversy in the cause, but that he was willing to waive that defense, provided he should be paid out of the money derived from the sale of the premises $800, with interest from the date of filing his answer. Appellee, over the objections of appellant's solicitor, put in evidence a tax deed of the east one-vigintillionth of the premises, of date September 21, 1897, from the county clerk to Glos, and a quit-claim deed from Glos and wife to appellee of the premises, for the expressed consideration of $800, of date March 17, 1899.

Glos' answer was filed November 21, 1898, the cause was referred to the master the next day, and the master's report was filed May 15, 1899, so that the deed from Glos and wife to appellee was executed after Glos' answer was filed and pending the hearing before the master. Appellee testified in her direct examination before the master, March 22, 1899, that she paid Glos that day, as a consideration for the conveyance to her of his alleged interest in the premises, $800, but on cross-examination she testified that she gave him her note at ninety days for his interest.

Lot 6 fronts south on West Monroe street in the city of Chicago, and has a frontage on the street of $79\frac{1}{2}$ feet. In form it is a rectangular parallelogram. Estimating its frontage at 80 feet, the west half of it has a frontage of 40 feet, or, reduced to inches and quarter inches, a frontage of 480 inches or 1920 quarter inches, so that the east quarter inch is one nineteen hundred and twentieth of the west one-half of lot 6. The one nineteen hundred and twentieth is $520\frac{5}{6}$ times greater than one millionth. From this it is obvious that the east one vigintillionth can not be measured or surveyed, and may be best described by the mathematical definition of a line, namely, length without breadth or thickness.

Smith v. Kenny.

In Rigney v. City of Chicago, 102 Ill. 64, it is well said that property, in the strictly appropriate sense of the word, is the right of user, enjoyment and disposition. Ib. 77–78. The east one-vigintillionth of the premises in question can not be used. A common housefly could not find a footing on its surface, and to enjoy it, except for purposes of litigation, such as the present, would require an eccentric and abnormally keen sense of enjoyment. Yet it is for a tax title not cognizable in the cause, in comparison with which an oatmeal cracker is a valuable piece of property, that the master has recommended, and the court decreed an allowance to appellee of $800 to be derived from the sale of appellant's premises. If this allowance were sanctioned by the law, the maxim *de minimis non curat lex* might well be considered obsolete, for certainly nothing more minute than the east one-vigintillionth in question can be definitely conceived. We can hardly think that the matter could have been properly presented either to the master or the chancellor in argument. It is true that the statute in force at the time of the sale for taxes, provided that the person offering to pay the taxes due for the least quantity of the tract or lot, should be the purchaser of such quantity, but the legislature contemplated that some appreciable quantity would be purchased, not a mere name representing nothing, which can not be surveyed, measured, set off or even discerned, *vox, et præterea nihil*. The nominal purchase of one-vigintillionth of a forty foot lot would seem to be in reality a voluntary payment of the taxes, without consideration.

In Glos v. Furman, 164 Ill. 585, the court, commenting on an alleged tax title, says:

"But it is said, appellants acquired a tax title in the premises, and they merely mortgaged their interest in the premises, whatever that interest was, and hence the mortgage or deed of trust was not a cloud on appellee's title. As has been seen, the land which the appellants acquired by the tax deed was described in the deed as follows: The east vigintillionth of a vigintillionth of the east 1-64 inch of lot 1, in the southwest quarter of section 25, township 38,

range 7, and the east vigintillionth of a vigintillionth of the
east $\frac{1}{4}$ inch of lot 2, in the northwest quarter of section 25,
township 38, range 7, in the county of Kane and State of
Illinois. A tract of land described as the above may per-
haps be pictured in the imagination, but could not be
bounded. It could not be located, nor could a person take
possession of such a tract of land. Practically such a tract
could have no existence for the purposes for which lands
are acquired and held; and as was held in Carter v. Barnes,
26 Ill. 454, where land in a deed is so described that it can
not be identified, or if the description calls for premises not
having an existence or that can not be found, the convey-
ance may be regarded as void."

The language quoted is applicable to the tax title under
consideration, because the one-vigintillionth is practically
quite as unsusceptible of being bounded, located, or taken
possession of, as the imaginary quantity mentioned in the
opinion cited.

The tax title claimed by Glos is an adverse legal title, in
no way connected with appellant's title. As he says in his
answer, "his title is independent of that which complainant
seeks to foreclose, and is not liable to be brought into con-
troversy in this cause." In this he is amply supported by
authority. Gage v. Perry, 93 Ill. 176; Boyarth v. Sanders,
113 Ib. 181; Zitzer v. Polk, 19 Ill. App. 61.

In Gage v. Perry, *supra*, the court says:

" It has always been supposed that a court of law was the
proper forum in which to settle and determine adverse legal
titles to real estate, when all questions of fact in relation
thereto can be submitted to and determined by a jury, under
proper instructions from the court, and we are aware of no
authority holding that an ordinary bill of foreclosure forms
an exception to this general rule of law."    Ib. 179.

The court further says:

" We have not been referred to a single authority which
sustains the right of appellant, in such a case, to bring in a
party who claims adversely, and have such adverse title
passed upon and settled by a decree."

In the present case the court, in allowing appellee $800,
which she alleges was the consideration for the sale to her
of Glos' tax title interest, not only passed on the validity

of the tax title, but its value, and this, notwithstanding the only evidence of its value is the tax deed, and that, in view of the opinion in Glos v. Furman, *supra*, the deed may be regarded as void.

On the coming in of Glos' answer, the court should have dismissed the bill as to him. Zitzer v. Polk, *supra*.

Appellant's counsel object to the allowance of $100 as solicitor's fees. The trust deed provides for that allowance, and we think it just and reasonable.

The decree will be affirmed except as to $800 and interest, if any, thereon, allowed to appellee by the decree for the purchase of the tax title from Jacob Glos, as to which allowance the decree will be reversed and remanded, with direction to dismiss the bill as to Jacob Glos. Appellant to recover her costs of this court.

Affirmed in part and reversed and remanded in part, with directions.