Petty v. Beers.

---

## William Petty v. Robert C. Beers.

### Gen. No. 12,586.

1. TAX DEEDS—*when do not constitute clouds.* A tax deed upon a vigintillionth part of a tract does not constitute a cloud upon the title thereof, and does not justify a refusal to carry out a contract for the exchange of land.

2. TAXES—*when payments of, voluntary.* Taxes paid on the whole tract under a void deed to a one vigintillionth part is a voluntary payment and not recoverable at law.

Bill for specific performance. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed July 2, 1906.

ADOLPH J. BORGMEIER, for appellant.

ARTHUR E. BEERS, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Appellee filed a bill in the Circuit Court to compel appellant specifically to perform a contract on his part to convey to appellee lot 22, block 2, in the subdivision of block 23 in the Canal Trustees' subdivision of the east half of section 21, in township 39 north, range 14 east, in the city of Chicago. The contract between the parties was for an exchange of land. Appellee, standing ready to perform his part of the contract and in faith thereof, tendered a warranty deed in due form conveying to appellant the land agreed in the contract to be conveyed by him as the consideration for said lot 22, and at the same time demanded a deed of conveyance of said lot 22 from appel-

lant, which he refused. The contract contained the usual covenants to furnish abstracts showing title of each party to the land agreed to be conveyed from the one to the other, and that the titles should be in fee simple free of all clouds, liens and encumbrances.

Appellant bases his refusal to convey said lot 22 to appellee on the ground that two tax deeds to the east one vigintillionth part of appellee's land were made to one Jacob Glos and that Glos paid taxes on the land in the years 1892 and 1893, and that the tax deeds to Glos and his subsequent payment of taxes created a cloud and a lien upon appellee's title to the land. The chancellor held contrary to appellant's contention and granted the prayer of appellee's bill and decreed that appellant specifically perform. From this decree this appeal is prosecuted, and while five reasons are assigned on the record for reversal, but one question is presented for decision, namely, are these tax deeds conveying an east one vigintillionth part of the land void, and the subsequent two payments of taxes made by Glos voluntary, and therefore neither a cloud nor a lien thereon?

A vigintillionth part of any tract of land, either large or small, is so infinitesimal as not to be capable of identification. It is incapable of possession, actual or constructive. It is no cloud, because it presents no obstacle to the full, ample and undisturbed enjoyment of the whole tract.

The tax deeds to Glos were absolute nullities and conveyed nothing. The subsequent payment of taxes by the grantee in such tax deeds on the whole property were voluntary payments, which cannot be recovered back and constitute no lien upon the property.

The tax deeds in question fall within the reasoning of Roby v. So. Park Commissioners, 215 Ill. 200, that no cloud exists where the title of an adverse party does not clearly appear upon the face of the instrument under which title is claimed. An instrument plainly illegal and void on its face creates no cloud and does not require the interference of a court to demonstrate that fact.

A tax deed conveying a vigintillionth part of a lot creates no cloud upon the title of the land; it is a nullity and not the subject of a suit. Glos v. Furman, 66 Ill. App. 127; Glos v. Furman, 164 Ill. 585.

Payment of taxes by a purchaser of a vigintillionth part of a lot at a tax sale is a voluntary payment without consideration. Smith v. Kenny, 89 Ill. App. 293.

One who voluntarily pays taxes upon the land of another has no remedy in the courts to recover back such payment. St. Louis J. & C. R. R. Co. v. Mathers, 104 Ill. 257.

The defense of appellant is unavailing. The tax deeds of Glos are a nullity and cast no cloud upon the title of appellee's land. The subsequent payment of taxes by Glos was in law voluntary, and cast no lien upon the land, and the amount paid is not recoverable at law.

The decree of the Circuit Court requiring appellant specifically to perform his contract and make a conveyance to appellee of said lot 22 upon the terms and conditions appearing in the decree, is affirmed.

*Affirmed.*