Carbine v. Sebastian.

## MARY F. CARBINE ET AL.

v.

## WENDELL SEBASTIAN ET AL.

1. FORECLOSURE OF MORTGAGE—PARTIES—ADVERSE TITLES.—As a general rule, it is not proper, in proceedings to foreclose a mortgage, to make parties defendant, who claim by adverse title, and not through or under the mortgagors. Being strangers to the mortgage, their interest cannot be affected by it. So, the validity of a tax title cannot be tried in proceedings to foreclose a mortgage.

2. ASSUMING PAYMENT OF MORTGAGE DEBT.—Where a person holds a tax title to the premises sought to be foreclosed, he is an adverse claimant and it is not proper to make him a party defendant, in the foreclosure proceeding; but if it appears that such person independent of his tax title, purchased the equity of redemption in the premises, and assumed the payment of the mortgage debt, there exists a privity between him and the mortgagee in respect to the subject matter, and he is a proper party defendant in the foreclosure proceding.

3. PAROL EVIDENCE TO VARY INSTRUMENT.—While it is a general rule that parol evidence is not admissible to vary a written instrument, the rule applies only to parties to such instrument and their privies; and the complainant in foreclosure, being the assignee of the mortgage debt, may show that a defendant holding a full warranty deed of the premises, did in fact assume the payment of the mortgage. But where such defendant set up a title by tax deed, and there were no allegations in the bill in respect to the adverse claim, and that such defendant assumed payment of the mortgage debt, such evidence is not admissible.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.   Opinion filed August 5, 1880.

This was a bill in equity by appellee Sebastian, to foreclose three several trust deeds upon premises situate in the city of Chicago, and properly described, made to one Gustavus Troost by Jacob Fichter, and Elizabeth, his wife, alleged to have then been the owners of said premises, at the following dates and mentioned purposes.   The first was made April 27, 1871, to secure Jacob Fichter's note to C. L. Niehoff & Co., for four hundred dollars, payable in one year, with interest at rate of ten per cent. per annum.   The second, April 27, 1872, to secure note for three hundred dollars, by and to same parties, at same

interest and for same time.   The third, April 29, 1873, to se-
cure note for one hundred and twenty-five dollars, by same to
same parties, at same interest, payable in three months, all of
which notes had been duly indorsed to complainant and re-
mained unpaid, except $60, which had been paid on the inter-
est.   Besides the Fichters, Mary F. Carbine and Thomas Car-
bine and one Brausch were made defendants, the bill containing
the general allegation that they claimed to have some interest
in the said premises as mortgagees, purchasers or judgment
creditors, but which had accrued subsequently to the lien of
complainant and was subject thereto.

The appellant and Thomas Carbine answered, setting up,
amongst other things, a tax title to the same premises, acquired
by said Mary F. Carbine March 11, 1878, before the filing of
the bill.   There was a general replication.   On the hearing,
the court, against the objections of appellant, permitted com-
plainant to give in evidence the deed from Jacob and Elizabeth
Fichter to Mary F. Carbine, made July 9, 1878, covering the
same premises, but which contains full covenants of warranty
by the grantors and against any and all incumbrances.   This
being in evidence, the court further permitted complainant to
give parol evidence, against appellant's objections, tending to
show that such deed did not represent the real transaction be-
tween the parties thereto, but on the contrary, said Mary F.
Carbine, the grantee, verbally agreed at the time, and as part
of the consideration, to assume and pay the several incum-
brances in question, and the court so found by its decree, and
declared said tax title was subordinate to the lien of such trust
deeds.   The court found the amount due complainant to be
$1,347.61, and made the usual decree of foreclosure and sale,
from which Mary F. Carbine took an appeal to this court.

Mr. ALLAN C. STORY, for appellants; that evidence to im-
peach the covenants in the deed was inadmissible, cited Her-
rington v. McCollom, 73 Ill. 476; Conwell v. S. & N. W. R.
R. Co. 81 Ill. 232; Holliday v. Hunt, 70 Ill. 109; Moulding v.
Prussing, 70 Ill. 151; Cease v. Cockle, 76 Ill. 484; Emory v.
Mohler, 69 Ill. 221; Morris v. Tillson, 81 Ill. 607.

Upon the coming in of the answer showing a claim of title

adverse to complainant, the bill should be dismissed as to such claimant: Ins. Co. v. Lent, 6 Paige, 632; Barbour on Parties, 493; Lagre v. Jones, 5 Leigh 192; Stuart v. Coulter, 5 Rand. 74; Frelinghuysen v. Golden, 4 Paige 206; Deal v. Reynolds, 6 Otto, 340; Corning v. Smith, 6 N. Y. 82; Gage v. Perry, 1 Ill. Syn. Rep. 342; Gage v. Lightfoot, 12 Chicago Legal News, 93.

The execution of the trust deed was not proved by the subscribing witness: 1 Wharton's Ev. § 723.

The wife of the grantor was not a competent witness to prove that the grantee promised to pay the debt, thereby relieving her husband of liability: Rev. Stat. Chap. 51, § 5; Pyle v. Onstott, 1 Ill. Syn. Rep. 273.

The grantors cannot impeach their deed in the hands of their grantee: Walters v. Witherell, 43 Ill. 388; 1 Greenl. Ev. 347.

It was error to consider the evidence of a witness whom the defendant was not allowed to cross-examine: Manny v. Stockton, 34 Ill. 306; 1 Greenl. Ev. § 445.

It was error to hear the cause on the same day of filing the master's report, without the notice required by the rules of court: Prindeville v. The People, 42 Ill. 217.

The tax deed showed a title superior to complainant: Garrick v. Chamberlain, 12 Chicago Legal News, 307.

Even if the tax deed was void, there should have been in equity a refunding of the tax paid before extinguishing the title by decree: Farwell v. Harding, 1 Ill. Syn. Rep. 337.

The mortgage given upon the wife's land to secure the separate debt of her husband was void: Cookson v. Toole, 59 Ill. 515; Bauman v. Street, 76 Ill. 526; Williams v. Hugunin, 69 Ill. 214; Carpenter v. Mitchell, 50 Ill. 470.

Mr. ARNOLD TRIPP, for appellees; that it was competent to show a consideration different from the one stated in the deed, cited Kinzie v. Penrose, 2 Scam. 515; Booth v. Hynes, 54 Ill. 363; Ayers v. McConnell, 15 Ill. 232; Kimball v. Walker, 30 Ill. 482; Huebsch v. Scheel, 81 Ill. 281; Morris v. Tillson, 81 Ill. 607.

A mortgagee is bound, as well as the mortgagor, to pay the

taxes on the mortgaged property, and he may be allowed for such payments: Silver Lake Bank v. North, 4 Johns Ch. 370; Bunn v. Veeder, 3 Wend. 412; 2 Jones on Mortgages, § 1,597; DeLenn v. Neely, 71 Ill. 473; Waterson v. Devoe, 18 Kan. 223; Stancliff v. Norton, 11 Kan. 218; Harper v. Ely, 70 Ill. 581; Robinson v. Ryan, 25 N. Y. 320; Eagle Fire Ins. Co. v. Pell, 2 Edw. 631.

The same is true of assessments made for a public purpose: Dale v. McEvers, 2 Con. 125; Rapplye v. Prince, 4 Hill, 123; 2 Jones on Mortgages, § 1,134.

McALLISTER, P. J.   It is, as a general rule, not proper in a bill to foreclose a mortgage to make adverse claimants parties for the purpose of having the court pass upon their titles.   The only proper parties are the mortgagor and mortgagee, and any persons who have acquired any interests from or through them subsequently to the mortgage.   The adverse claimant under consideration is one who is a stranger to the mortgage and the estate.   Having no interest in the suit, his interests cannot be affected by it, and there being no privity between him and the mortgagee, the latter cannot make him a party defendant for the purpose of trying his adverse claim in the foreclosure suit. Gage v. Perry, 93 Ill. 177; Jones on Mort. Sec. 1440, and cases in Note 4.

The appellant, Mary F. Carbine, was a proper party defendant to the bill, because July 9, 1878, she became purchaser of the mortgagor's equity of redemption.   But we are of opinion that from that circumstance alone, it would be improper for the court to try the validity of her tax title to the premises acquired in the previous month of March.   As a mere claimant under that title, disconnected from the mortgage debt in question, she would be regarded as a stranger to the mortgage, and complainant could not have that title passed upon in this suit.   But, if at the time she purchased the equity of redemption from the Fichters, she made a valid agreement in consideration of the conveyance, that she would assume and pay this mortgage debt to the holder, then she would occupy a very different position from that of an adverse claimant who was a stranger to the mortgage; for there would then exist a privity

between her and the mortgagee in respect to the subject-matter. On the hearing, the complainant gave in evidence, the deed from the Fichters to her; but it contained full covenants of warranty on the part of the grantors, a covenant against any and all incumbrances. Having given this deed in evidence, the court permitted complainant, against defendant's objections, to give parol evidence tending to show that said deed did not represent the actual transaction between the Fichters and Mary F. Carbine, and that it was, in fact, agreed as a part of the consideration, that she should assume and pay the mortgage debt in question.

By the well settled general rules of evidence, such parol testimony would not be admissible in a controversy between the parties to that deed from the Fichters to Mary F. Carbine, because it would be to vary the legal effect of the covenants of the deed, by a contemporaneous parol agreement. Holley v. Younge, 27 Ala. 203; Howe v. Walker, 4 Gray, 318; Snyder v. Griswold, 37 Ill. 216; 1 Greenleaf on Ev. Sec. 275.

While this rule would be rigorously upheld in controversies between the parties to the deed and privies, yet it does not apply to persons who were not parties to the deed or privies, but are strangers. 1 Greenleaf on Ev. Sec. 279, and cases in note 3; Wharton on Ev. Sec. 923. It would not therefore apply to the complainant in this suit, because he was neither party nor privy to the deed from the Fichters to appellant.

The tax title was set up by the Carbines as a legal title, adverse and paramount to the claim of both the mortgagors and mortgagee. Standing by itself, without some special circumstances the court of equity in a foreclosure suit was not the appropriate tribunal in which to try the validity of such title. Whether such asserted claim constitutes an adverse title within the rule which excludes inquiry in a court of equity in a foreclosure suit as to its validity, does not depend upon what is set up in the answer in regard to it, but upon the allegations of the bill, and upon the testimony in the case as to the nature of the alleged adverse claim. Jones on Mort. Sec. 1440.

In this case there were no allegations in the bill in respect to the adverse claim set up by the Carbines. The evidence as

to the deed not expressing the real transaction between the Fichters and Carbines, and that appellant assumed and agreed to pay the mortgage debt, was therefore inadmissible. The decree of the court below will be reversed and the cause remanded.

Reversed and remanded.