Gage v. Board of Directors.

Messrs. WALKER & CARTER, for appellees; as to the liability of an agent to his principal for moneys of the latter received by a sub-agent, cited Story on Agency, 231a ; Taber v. Perrett, 2 Gall. 565; Morgan v. Tener, 83 Pa. St. 306.

---

ASAHEL GAGE

v.

THE BOARD OF DIRECTORS, etc.

1. FORECLOSURE OF MORTGAGE—ADVERSE INTEREST BY WAY OF TAX-TITLE.—In a proceeding to foreclose a mortgage, an adverse claim of title in no way connected with the mortgagee, as a title under a tax sale, is not a proper subject for consideration.

2.  JURISDICTION—FREEHOLD.—A freehold cannot be said to be involved in a case in which a title is not and cannot be made a proper subject of inquiry and consideration.

ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.   Opinion filed March 29, 1881.

This was a bill in chancery, brought by the board of directors of the Chicago Theological Seminary, to foreclose a certain deed of trust, executed by Joshua S. Seaverance to Thomas D. Snyder, as trustee, to secure the promissory note of the grantor for $15,000, payable to the complainants.   To this bill Asahel Gage, the plaintiff in error, was made a party defendant, on the allegation that he claimed some interest in a certain portion of the premises covered by the deed of trust, by virtue of a certain tax deed thereon, issued to him by the county clerk of Cook county, upon certain pretended sales for taxes due the State and county for the year 1870.   The bill, however, alleges that said tax deed is void, by reason of various defects in the proceedings for the assessment and levy of said taxes, and in the application for judgment therefor, but that by reason of said deed a cloud exists upon the title of the complainants, and the security of said trust deed is impaired. The bill prayed that said tax deed be adjudged to be void, and ordered to be delivered up for cancellation.   Gage failing to appear and answer, a decree was entered against him by default, in accordance with the prayer of the bill.

Mr. A. N. GAGE, for plaintiff in error; that the court could not hear and determine plaintiff in error's title in this proceeding, cited Gage v. Perry, 93 Ill. 176.

After default, if complainant amends his bill, this virtually sets aside the default: Lyndon v. Lyndon, 69 Ill. 43; Gibson v. Reese, 50 Ill. 383.

No presumptions will be indulged against a tax deed: Hyde v. Heath, 75 Ill. 381.

A default admits only the facts that are well pleaded:  Cronan v. Frizzell, 42 Ill. 319; C. & N. W. R..R. Co. v. Coss, 73 Ill. 394.

Mr. DAVID FALES, for defendant in error; that if there was a joinder of two causes of action it should have been taken advantage of by demurrer, cited 1 Daniell's Ch. Pr. 346.

The court may hear and determine bills to quiet title and to remove clouds from title: Rev. Stat. 1880, 190, § 50; Wing v. Sherrer, 77 Ill. 200.

BAILEY, J. The case of Gage v. Perry, 93 Ill. 176, is decisive of this case. That was a bill to foreclose a mortgage, and Gage was made a party defendant, upon the allegation that he claimed some interest in the mortgaged premises as purchaser, mortgagee, judgment creditor or otherwise, but that such interest, if any there was, had accrued since, and was subject to the lien of the complainant's mortgage. Gage answered the bill, setting up an adverse legal title to a portion of the mortgaged premises by virtue of a tax deed, and expressly denying that his interest in the property was subject to the lien of the mortgage. The case was heard on bill, answer, replication and proofs, and a decree rendered foreclosing Gage's interest in the premises. This decree was reversed, it being held that an adverse claim of title in no way connected with the title of the mortgagor, was not a proper subject of consideration in a suit to foreclose a mortgage, and when it was disclosed by the answer of the defendant and the proofs that such was the character of his claim, he should have been dismissed from the suit.

In the present case, the nature of the interest claimed by Gage is set out by the complainants in their bill, so that it sufficiently appears from the face of the bill itself that Gage claims an interest in a portion of the premises in question adverse to the title of the complainants, and in no way connected therewith; and consequently, upon the doctrine of the case of Gage v. Perry, the bill should have been dismissed as to him.

It is suggested, however, that this court has no jurisdiction of the case, for the reason that it involves a freehold, and the case of Gage v. Bailey, 7 Bradwell, 619, is cited in support of that position. A freehold cannot be said to be involved in a

case in which such title is not and cannot be made a proper subject of consideration. The freehold claimed by Gage was not properly before the court below, and that court had no authority in this proceeding to investigate it or set it aside. The error was not in holding upon the facts confessed by Gage's default, that the tax deed was void, but in taking jurisdiction of and assuming to pass upon that question at all. So this court, in entertaining jurisdiction of the case, is not called upon to pass upon the validity of Gage's legal title, but merely to decide a question of practice. In our opinion, then, a freehold is not involved in the case within the meaning of the statute.

For the reasons above stated, the decree, so far as it relates to the title and interest of Gage in the lands in question, will be reversed, and the cause remanded to the court below, with instructions to enter a decree dismissing the bill as to said Gage.

Judgment reversed.