## Parlin & Orendorff Co. and I. R. Spilman v. T. I. Galloway, Moses Hutson, Wm. Hutson, A. C. Terhune, Harry Miller and Carrie Rogers.

1. ADVERSE TITLES—*Can Not be Litigated by a Cross-Bill in a Proceeding to Foreclose a Mortgage.*—A party can not, by a cross-bill on a mere bill to foreclose a mortgage, compel the complainant to litigate an adverse title.

2. SAME—*When Not Affected by a Mortgage.*—A stranger holding an adverse title is not affected by a mortgage and is in no way interested in a suit to foreclose it, and it makes no difference to him whether the mortgage is valid or invalid, or whether it be discharged or foreclosed.

3. MORTGAGES—*Right of a Mortgagee to Foreclose.*—A party holding a mortgage on real property has a right to foreclose it whether in the end he gets a good or bad title to the mortgaged premises.

4. CHANCERY PRACTICE—*Requisites of a Cross-bill.*—Matters set forth in a cross-bill must be germane to the original bill. No foreign matters are to be included, although new facts may be stated. The rule is that the new matter which it is proper for a defendant to introduce into a pending litigation by means of a cross-bill is such only as it is necessary for the court to have before it in deciding questions presented by the original bill to enable it to do full and complete justice in respect to the cause of action on which the complainant rests his right to the relief asked.

5. SAME—*When a Cross-bill is Not Proper.*—A cross-bill to cancel a deed, in a proceeding to foreclose a mortgage, in no way adverted to in the original bill, is a matter wholly foreign to the proceeding and is not proper.

6. FREEHOLD—*When Involved in a Foreclosure Suit.*—Where a cross-bill is properly filed in a proceeding to foreclose a mortgage and its object is to litigate an adverse title, a freehold is involved and the Appellate Court is without jurisdiction.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Franklin County; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the August term, 1900. Reversed and remanded. Opinion filed March 11, 1901.

HART & SPILLER, attorneys for appellant Parlin & Orendorff Co.

I. R. SPILMAN, attorney for appellants Rogers, Miller and Spilman.

F. M. YOUNGBLOOD and W. S. CANTRELL, attorneys for appellee Moses Hutson.

MR. JUSTICE BIGELOW delivered the opinion of the court

The unusual facts claimed to exist by the contending parties to this record, make it proper for us to advert to them in more extended detail than otherwise would be necessary for the decision of the questions which we deem to be properly before us for review, and we do this without expressing any opinion as to the merits of the respective controversies between the parties.

Originally the suit was a bill in chancery brought by appellant Parlin & Orendorff Company to foreclose a certain mortgage made by appellee T. I. Galloway to Parlin & Orendorff Company.

The mortgage was executed and recorded on the 14th of March, 1896, and it was made to secure two notes of $1,690.86 and $656.56 respectively. The genuineness of the notes and mortgage is admitted, and so is the indebtedness. All of the parties defendant to the suit except T. I. Galloway, were made defendants to the bill, with the allegation against them " that they have, or claim to have, some interest in said mortgaged premises, or some part thereof, as purchasers, mortgagees or otherwise, which interests, if any, have accrued subsequent to the lien of your orators and are subject thereto." This is the only allegation drawing in question any of the rights or supposed rights of the defendants in the bill.

On the 19th of September, 1895, Moses Hutson, by a purported deed, conveyed the mortgaged premises to T. I. Galloway; the deed is signed by a mark, and was recorded March 14, 1896. Moses Hutson claims that he never executed the deed and that it is a forgery. After the claimed conveyance to Galloway, Hutson remained in possession of the lands described in the deed, and the evidence shows that he has been in possession of them all of the time since 1844, when he bought them from the government, and that he was in possession at the time of the hearing of the cause.

On the 6th of October, 1897, there was filed in the recorder's office what purported to be a release of the mortgage to Parlin & Orendorff Company, the release having apparently been made on the 13th of September previous, in St. Louis, Missouri. It seems to be admitted by all parties except Galloway, that this release is a forgery, and he does not appear to dispute it.

On the 9th day of October, 1897, Galloway being able to exhibit by an abstract of title, the release of appellant's mortgage, mortgaged some of the lands in controversy to Carrie Rogers to secure the sum of $500; and on the 26th of October, 1897, he mortgaged other of the lands to Harry C. Miller, to secure the sum of $600. On the 3d of December, 1897, Galloway mortgaged the lands in controversy in this case, with other lands, to A. C. Terhune, to secure the sum of $1,100. It seems that about this time a rumor arose as to the validity of the Galloway title to the premises; and appellants Miller and Rogers employed appellant Spilman, who is a lawyer, to look after their interests. Pursuant thereto, I. R. Spilman had an interview with Moses Hutson, and the conclusion of that interview was, that Hutson executed a deed to Spilman for the premises, on the 16th of December, 1897, and it was recorded on the same day. This deed Moses Hutson claims was obtained from him by fraud and misrepresentation, but Mr. Spilman resists that claim. At all events, Mr. Spilman on December 18, 1897, executed a mortgage which was recorded a day or two thereafter, for the sum of $1,100, to Carrie Rogers and H. C. Miller, to secure the two Galloway notes to his clients, the Galloway mortgages to Miller and Rogers being permitted to remain of record and in force for what they may be worth. As we have heretofore stated, Moses Hutson remained in possession of the lands all of the time while these various deeds and mortgages were being executed and recorded.

There was personal service on all of the defendants to the bill, and all of them except Galloway filed answers, and Moses Hutson filed a cross-bill; there was a default decree

as to Galloway. Moses Hutson, in his answer, set up title to the lands in himself; he also filed a cross-bill asking that the Galloway and Spilman deeds be set aside as clouds on his title; the former because it was a forgery, and the latter because it was obtained by fraud and misrepresentation of his co-defendant Spilman, and that accordingly the mortgages to Parlin & Orendorff Company, the Galloway mortgages to Miller and Rogers, the Spilman mortgage to the same parties, and the Terhune mortgage, are invalid and should be removed as clouds on the title. To the answer of Moses Hutson, appellant Parlin & Orendorff Company excepted, because it brought the claimed adverse title of Hutson into the controversy. To the cross-bill the company demurred. The court overruled the exceptions and the demurrer and the company answered the cross bill. Appellants Spilman, Miller and Rogers, also answered the cross-bill, and appellee Terhune answered the original bill, admitting its allegations and setting up his rights under his mortgage from Galloway. Before the cause was at issue, appellant Parlin & Orendorff Co. amended its original bill; this amendment, however, in no way admits or denies the validity of the deed from Moses Hutson to Galloway. The entire scope of the amendments is that for fear the court, on Hutson's cross-bill, may declare the Galloway deed to be invalid, and appellant's mortgage thereby void, as against the title of Hutson, a decree may be equitably given against Moses Hutson for the amount of the Galloway mortgage debt, because Hutson is shown to have owed appellant Parlin & Orendorff Company, this very indebtedness, and the Galloway mortgage took up this debt of Hutson to appellants, substituting the Galloway notes for Hutson's notes, in the same amount. The court decreed that the Galloway and Spilman deeds were invalid, and that therefore all of the mortgages were invalid, and accordingly all of said instruments were removed as clouds on the title to the lands; all relief prayed for by appellant Parlin & Orendorff Company in its original and amended bills was denied.

It is claimed by appellant Parlin & Orendorff Company that the court erred in allowing Moses Hutson to file his cross-bill, because it could not, on a mere bill to foreclose a mortgage, be compelled to litigate the adverse title of Moses Hutson; that it had a right to foreclose its mortgage whether in the end it got a good or bad title to the lands.

To this proposition appellee Hutson replies that the Galloway deed is a forgery, and that inasmuch as he is in possession of the land, he has the right to remove the deed and the dependent mortgages as clouds on his title; that, being in possession, he could not use his legal title to the lands in vindication of his rights, and that therefore he has an unquestioned equitable remedy both against the Galloway deed and the Galloway mortgages, to have them canceled as clouds.

Some preliminary and perhaps elementary considerations will, we think, assist in arriving at a true solution of these apparently conflicting contentions. The Galloway deed may or may not be valid; Moses Hutson's possession of the lands may or may not be in privity with the mortgage held by appellant Parlin & Orendorff Company. It is evident that if the Galloway deed is valid, Moses Hutson may use his possession of the lands to cloud appellants' mortgage just as effectually as appellant Parlin & Orendorff Company may use their mortgage to cloud Hutson's title to the lands, if the Galloway deed is void for forgery. Whether Hutson's title is adverse, does not depend on what he says about it in his pleadings. The question is, what kind of a title has he? Is it in fact adverse and paramount to Parlin & Orendorff Company's mortgage? And the same inquiries hold true as to the other appellants' mortgages.

All of these questions will necessarily have to be answered at some time, but the point is, whether they can be properly answered on the pleadings that have been framed.

As already stated, the bill in this case charges in the ordinary allegations of such bills, that the defendants have some interest as purchasers, etc., which is subsequent, etc., to the orator's mortgage. We are advised of no authority

holding that that kind of an allegation can be construed to call in question the quality of the Galloway deed. Appellant Parlin & Orendorff Company, in its bill, as against Moses Hutson, declares the deed to be neither good nor bad in relation to their mortgage; they say nothing about the Galloway deed. That appellant Parlin & Orendorff Company could have framed a bill that would have brought that fact into the issues, is supported by Wilkinson v. Green, 34 Mich. 221. See also Carbine v. Sebastian, 6 Ill. App. 564. It did not choose to do so, and inasmuch as we are not advised that the bill which it did file is not a good and sufficient bill for the purpose of foreclosing the mortgage, admitted to be valid as a mortgage, whether it is valid against the land or not, we can not say that it is obliged at this time to litigate the Hutson title. It may prefer to let the foreclosure ripen into a deed, and then with its hoped-for legal title assert the validity of the Galloway deed in ejectment.

The claim that Hutson has an unquestioned right to file an original bill in chancery to remove the mortgage, may be admitted to be true; but the weakness of the contention is in asserting that he may use the same facts on his cross-bill, that he could on an original bill, no matter what the allegations of the original bill in this case may be.

The question is not one of the right to invoke an equitable remedy, but the manner of invoking it. On a bill such as the one before us, the proper object of the suit is to subject the mortgaged estate to the payment of the mortgage debt. The only proper parties are the mortgagor and the mortgagee, and those who have acquired rights or interests under them in the mortgagor's estate; for these are the only persons having any rights or obligations growing out of the mortgage, or interested in any manner in the subject-matter of the action. A stranger holding adversely to the title of the mortgagor, as he is not affected by the mortgage, is in no way interested in the foreclosure suit. It can make no difference to him, whether the mortgage is valid or invalid; whether it be discharged or foreclosed;

whether the estate mortgaged, the only estate which can be affected by the decree, remains in the mortgagor, or is transferred to another. Banning v. Bradford, 21 Minn. 308; Wells v. American Mortgage Co., 109 Ala. 430; 2 Jones on Mortgages, Sec. 1440. And when it comes to the point of the cross-bill, it has always been held that the matters and things therein set forth must be germane and relevant to the original bill. Robins v. Swain, 68 Ill. 197. No foreign facts may be stated in the cross-bill; and although new facts may be stated, the rule laid down in Vol. 5, Encyclopedia of Pleading and Practice, p. 641, is, so far as we are advised, accurate, and sustained by our own adjudications :

" The new facts which it is proper for a defendant to introduce into a pending litigation by means of a cross-bill, are such, and such only, as it is necessary for the court to have before it, in deciding the questions raised in the original suit, to enable it to do full and complete justice to all the parties before it, in respect to the cause of action on which complainant rests his right to aid or relief. If a defendant, in filing a cross-bill, attempts to go beyond this, and to introduce new and distinct matter, not essential to the proper determination of the matter put in litigation by the original bill, although he may show a perfect case against either the complainant or one or more of his co-defendants, his pleading will not be a cross-bill, but an original bill. And no decree can be rendered on such matter."

The validity of the Galloway deed was not adverted to in the original or amended bills, therefore a cross-bill to cancel a deed, in no way adverted to in the original suit, was matter wholly foreign to the proceeding. And when the answer of Moses Hutson showed that the possession which he had and claimed was not in privity with the mortgage, but adverse and paramount thereto, the court should have dismissed the bill, as to him, without prejudice to his rights, or have preserved by the decree all matters of which he could avail himself, outside of the action in which he was engaged. Bozarth v. Landers, 113 Ill. 181; Banning v. Bradford, 21 Minn. 308. The fact that

Parlin & Orendorff Co. v. Galloway.

the same person who holds the adverse title, not put in issue in the original bill, also holds another title derivative of the mortgage, as in this case Hutson's possession may have been an evidence of, does not change the rule. Carbine v. Sebastian, 6 Ill. App. 564. It was even held in a case very similar, Summers v. Bromley, 28 Mich. 125, that the adverse title could not be litigated in a foreclosure suit on pleadings properly framed. Upon that question, Judge Christiancy reserved his opinion; but he did concur in the case decided, on the ground that under that particular bill, which seems to have been identical in its scope with the bill under consideration in this case, there could be no litigation of the claimed adverse title. And in the subsequent case of Wilkinson v. Green, 34 Mich. 221, the court tacitly reversed the dictum in Summers v. Bromley.

The same reasoning applies to the Spilman title; he and those claiming under him, assert their rights in opposition to the mortgage sought to be foreclosed, and there is no allegation in the bill as to the validity of the Spilman deed.

A motion was made to dismiss the appeal, on the ground that a freehold is involved. If the cross-bill was rightly in the record, the motion would have to be sustained; but before the question of freehold is in the case, it must be lawfully there, to oust this court of its power to review the case. Gage v. Board of Directors, 8 Ill. App. 410.

An ordinary bill to foreclose a mortgage does not involve a freehold, as has often been held by the Supreme Court. The motion to dismiss the appeal is overruled.

Another motion has been made by appellees to tax the costs to appellants for failure to furnish proper abstracts. Nearly all of the points made by appellants, that have been controlling, concerned the pleadings in the case; and yet these are not abstracted at all; or are so imperfectly abstracted that it was impossible to learn what the issues were, from the abstract.

We have been compelled to read the additional abstract furnished by appellees and the original record itself, in order to obtain a full understanding of the case. There is a posi-

tive disadvantage in the rule requiring abstracts of the record, if the court is obliged to study both the pretended abstracts and the record, to find out what the case is about. All facts relied upon for reversal or affirmance of decrees, or judgments, must be presented in the abstract, and the rules of this court so require. The motion to tax the costs to appellants for furnishing insufficient abstracts is allowed.

The decree of the Circuit Court is reversed, with directions to dismiss the cross-bill of Moses Hutson without prejudice and to proceed with appellant Parlin & Orendorff Company's foreclosure suit, and in the decree, if any is pronounced, to reserve the rights of Hutson and Spilman, and those claiming under them and each of them, in the premises. Reversed and remanded.