# William A. Schrei, Appellee, v. Constance S. Van Alyea and Chicago Title & Trust Company, Trustee. James E. Barry, Appellant.

## Gen. No. 32,180.

1. QUIETING TITLE—*right of purchasers subsequent to trust deed to have same removed as cloud on title because given without consideration.* Purchasers of land, who acquired title subject to a trust deed securing notes, are not entitled to have the deed removed as a cloud on title merely because no consideration had passed for the execution of the trust deed, and to have the land partitioned free from the lien, where the recordation of the deed was knowledge to the purchasers, the deed had been on record for nine years at the time of purchase and the notes had been overdue for four years, and the notes are owned by a bona fide purchaser who also owned the trust deed and who received from the original maker a written declaration that there was no defense to the deed and notes.

2. PARTITION—*division of land between owners of undivided interest subject to trust deed.* On a bill by owners in possession of undivided half interests in land to have a trust deed removed as a cloud on title and the land partitioned free from the lien of the deed, the land may be decreed to be partitioned subject to the lien upon refusing to decree the removal of the deed as a cloud on title.

3. FORECLOSURE OF MORTGAGES—*right to foreclose on cross-bill against maker not a party to original bill.* Where purchasers of undivided half interests in land subject to a trust deed securing notes file a bill to remove the deed as a cloud on title because the deed was executed without consideration, and for a partition of the land without the lien, the present owner of the deed and notes, who is a party defendant, is not entitled to maintain a cross-bill to foreclose the deed for nonpayment of the notes, where the original maker, from whom he purchased the notes, is not a party to the original bill, although made a party by the cross-bill.

4. FORECLOSURE OF MORTGAGES—*right to foreclose on cross-bill not germane to original bill.* Where purchasers of undivided half interests in land subject to a trust deed securing notes file a bill to remove the deed as a cloud on title because it was executed without a consideration, and for a partition of the land without the lien, the present owner of the deed and notes, who is a party defendant, cannot maintain a cross-bill to foreclose the deed for nonpayment of the notes, since foreclosure of the deed is not germane to the subject of partition.

5. FORECLOSURE OF MORTGAGES—*when money decree on nonpayment of secured notes may not be had on cross-bill.* Where purchasers of undivided half interests in land subject to a trust deed securing notes file a bill to remove the deed as a cloud on title because the deed was executed without a consideration, and for a partition of the land without the lien, the court is without jurisdiction to render a money decree against the original maker of the notes, upon a cross-bill by the present owner of the deed and notes, where the original maker, who was merely brought into the proceeding by the cross-bill, seeks no action against any of the parties and prays for no relief in regard to the notes and deed.

Appeal by defendant from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1927. Reversed and remanded with directions. Opinion filed February 9, 1928.

TIMOTHY J. FELL, for appellant; FREDERICK O. FLOBERG, of counsel.

CHARLES D. QUIRK, for appellee; RALPH J. BECKLER, of counsel.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

On October 15, 1925, the complainant, William A. Schrei, filed his bill of complaint in the superior court, alleging, among other things, that he and Constance S. Van Alyea, a defendant, were the owners in fee simple and in actual and exclusive possession of a certain lot situated in the City of Chicago, which was subject to a trust deed from Nora O'Connor to the defendant, Chicago Title & Trust Company, dated June 24, 1916, and recorded on July 7, 1916, made to secure her three notes, two for $500 each, and one for $3,200, payable in three, four and five years, respectively; that James E. Barry, a defendant, was the owner and holder of the said notes and trust deed; that his, the complainant's, interest in said property was an undivided one-half interest, and that the interest of the defendant, Van Alyea was that of an undi-

vided one-half interest; that the defendant Van Alyea derived title by a quitclaim deed from one Hubbard and wife, dated February 10, 1925, and recorded February 18, 1925; that the complainant acquired his undivided one-half interest in said property by deed from Van Alyea and her husband, recorded in the recorder's office of Cook County, August 4, 1925; that the premises were vacant and unimproved, with the exception of an abandoned foundation; that no persons other than complainant Schrei and the defendant Van Alyea, Chicago Title & Trust Company, trustee, and Barry have any interest in or title to the premises, or are in possession thereof; that no part of the money evidenced by the notes secured by the trust deed referred to was ever paid to the maker (Nora O'Connor) or to anyone for her, nor was any part thereof used for any improvement at any time erected or being erected on said property.

The bill prayed that the trust deed above referred to be set aside and declared null and void as a cloud upon the title to the property; that a division or partition of the real estate may be made between the parties entitled thereto, free and clear of the cloud created by the trust deed.

Answers were filed by the defendants, Chicago Title & Trust Company, as trustee, Van Alyea and Barry; and on February 13, 1926, Barry filed a cross-bill of complaint, and on June 7, 1926, filed a supplemental cross-bill. He therein denied the substantial charges in the original bill of complaint in regard to the trust deed being a cloud on the title; and alleged, among other things, that on June 24, 1916, Nora O'Connor became indebted to him in the sum of $4,200, and made and delivered the promissory notes above mentioned; that he is the owner of the notes; that at the time the notes and the trust deed were executed and delivered to him, Nora O'Connor executed and delivered a certain writing, dated June 24, 1916, in which she set forth

that she had no defense to the notes and trust deed above mentioned, and that her statement was made for the benefit of any subsequent purchaser of her notes and trust deed; that nothing has been paid to him upon said notes and trust deed.

By the cross-bill of Barry, Nora O'Connor was made a party to the proceedings, and on March 30, 1926, she entered her appearance.

On March 19, 1926, Schrei filed an answer to the cross-bill of Barry, in which he denied that Nora O'Connor was indebted to the cross-complainant in any sum whatever.

Various replications were filed; and on May 21, 1927, Nora O'Connor filed her answer to the cross-bill of Barry. An answer to the cross-bill of Barry was filed by Van Alyea. Various other pleadings were filed, but they are not here material to the issue.

The cause was referred to Master in Chancery Humphrey, and on January 11, 1927, he filed his report, together with the evidence which had been taken before him.

He found that the complainant Schrei and the defendant Van Alyea were the owners in fee and in possession of the premises in question; that the premises were subject of record to the trust deed executed by Nora O'Connor, the former owner of the property, dated June 24, 1916, given to secure the notes described in the bill of complaint; that the defendant and cross-complainant Barry was the owner and holder of the notes and trust deed, and had filed his cross-bill of complaint seeking to foreclose the trust deed.

That the defendant Van Alyea derived her title to the premises by quitclaim deed, dated February 10, 1925, from one Hubbard and his wife; that the complainant Schrei obtained his title to an undivided one-half of the premises by deed, which was filed for record, from the defendant Van Alyea and her husband; that the complainant and the defendant Van Alyea

each claims an undivided one-half of said premises; that the property is vacant and unimproved, with the exception of an abandoned foundation.

That the cross-defendant, Nora O'Connor, at one time the owner of the property, was about to begin the erection of a building thereon; that she went to the Auburn State Bank and made a written application for a building loan in the sum of $4,200; that the bank agreed to make such a loan, and made out the notes in question, and prepared a trust deed, by which she conveyed the property to the Chicago Title & Trust Company, as trustee; that she signed the notes, and signed and acknowledged the trust deed; that the trust deed was thereupon filed in the recorder's office; that she also signed a further document dated June 24, 1916, addressed, "To Whom It May Concern and to Any Subsequent Purchaser or Purchasers" of the notes, which contained the following:

"This is to notify you that we have no defense to our notes * * * being for the sum of $3,200.00, * * * which notes are secured by a trust deed to the Chicago Title & Trust Company, recorded, * * * nor have we any defense to the trust deed securing the same. * * * We make this statement for the benefit of any subsequent purchaser of our said notes and trust deed securing the same, who may rely thereon in purchasing the same."

That the application, trust deed and notice to purchasers were all delivered to the bank on the same day; that the president of the bank told her that her money would be ready to be paid out upon her bill, or upon her order; that no payment was ever made on said notes and trust deed, or to anyone connected with the premises in question; that some time later, in the year 1916, the notes and trust deed were sold by the bank to the defendant and cross-complainant Barry; that no payments were ever made by the said Nora O'Connor on account of the principal or interest

on the notes; that the first interest note upon each of the principal notes was presented to the bank and paid by it on or about December 24, 1917; that shortly after that time, the bank failed and went out of existence, and no further moneys were ever paid by the bank to Nora O'Connor on account of the proposed building on the premises in question.

That it does not appear that Barry made application to Nora O'Connor to find out whether she had any defense to the notes and trust deed until about the time the interest notes became due and payable; that he then called upon her, and it was claimed by her that she received nothing on the notes, and that she stated that she would make no payments on account thereof.

The master therefore found that there was no consideration paid for the execution of the trust deed and that it was not now and never had been a lien upon the premises in question; that the complainant, Schrei, and the defendant Van Alyea were the owners in fee simple of the premises, and were entitled to have a decree entered finding that the trust deed above mentioned was a cloud upon the title to the property, and recommended that it be removed by decree of the court.

The master further found that Barry, having acquired title to the notes for a valuable consideration before maturity, was entitled to have a judgment entered against Nora O'Connor for the amount remaining unpaid upon the notes, being the sum of $7,444.72; that Barry was entitled to a decree against Nora O'Connor, the cross-defendant, in that amount.

The master recommended that a decree be entered directing the removal of the lien of the trust deed as a cloud upon the title, and granting partition, and that the cross-complainant Barry recover from Nora O'Connor the amount above mentioned.

Objections to the master's report were filed and overruled, and exceptions made to the report by the chancellor. Upon a hearing of the exceptions to the

master's report, the chancellor, on February 21, 1927, entered a decree finding that the complainant, Schrei, and the defendant Van Alyea were the owners of the property in fee simple and were in possession; that it was subject to the trust deed given by Nora O'Connor on June 24, 1916, which was recorded, to secure the notes above mentioned; that Barry, cross-complainant, was the owner and holder of the notes and trust deed.

That Van Alyea derived title to the property by quitclaim deed from Hubbard and wife on February 10, 1925; that the complainant Schrei obtained his title by quitclaim deed from Van Alyea and her husband, which was acknowledged August 1, 1925, and filed for record.

That no part of the funds evidenced by the indebtedness secured by the trust deed was ever paid to the maker, or to anyone for her, or was any part thereof used for any improvement at any time erected or being erected upon the property; that the trust deed should be removed as a cloud upon the property; that no consideration passed for the execution of the trust deed, and it was never a lien upon the premises in question.

The court ordered that the cross-bill of complaint and supplement of Barry be dismissed; that the complainant, Schrei, and the defendant Van Alyea were owners each, respectively, in fee simple to one-half of the real estate, free and clear of the lien of the trust deed; that the trust deed, constituting a cloud upon the title, be removed and a release executed by the Chicago Title & Trust Company, trustee, within three days; and that a partition of the real estate be made.

From this decree, Barry, the defendant and cross-complainant, alone has appealed.

It is the contention of Barry, that the court erred (1) in dismissing his cross-bill of complaint to foreclose the trust deed, (2) in finding that the trust deed was a cloud upon the title to the premises in question,

(3) in ordering the trust deed to be removed, (4) in ordering a partition of the property, and (5) in decreeing that James Barry was not entitled to a money decree against Nora O'Connor.

In the view we take of the case, Schrei and Van Alyea were entitled to partition, but subject to the trust deed, and all the rest of the relief prayed for in the bill and cross-bill and supplement should have been denied, and the cross-bill and supplement dismissed for want of equity.

When Schrei and Van Alyea got title, the trust deed was of record and they had notice. They got title from and through Nora O'Connor and Hubbard and wife. It is true that she got through the bank the payment of only one interest note, and that, at that time, she had not received the agreed upon consideration for the notes. But Barry purchased the notes before maturity from the bank for a consideration, and she had put the bank in a position to sell them, and had signed a document by which she undertook to inform Barry, among others, that she had no equities, latent or otherwise, against the obligations the notes purported to represent.

In our judgment, the complainant and Van Alyea have no right to take advantage of equities which Nora O'Connor might have as against Barry. The complainants did not make her a party. Her rights as against Barry may be adjudicated in a suit between her and Barry. But here we find the complainant and Van Alyea bought the property knowing (by reason of the recording) that the trust deed was then on the property. The complainant and Van Alyea bought the property with their eyes open as to what the records showed, i. e., that it was burdened by a trust deed. Nora O'Connor might never claim that it was made to secure notes that were without consideration. At most, the complainant and Van Alyea are entitled, as we have said above, to a partition, subject to the

trust deed. Barry was not entitled to foreclose, first, because Nora O'Connor was not a party to the original proceedings, and, second, foreclosure of the trust deed was not germane to the subject of partition. *Parlin & Orendorff Co. v. Galloway,* 95 Ill. App. 60. They took title through her, and rely upon it; and when they took title they knew she had given the trust deed and that it stood on record against the property. They now wish to have their title which they got through her sanctioned, but they ask that her prior acts, the giving of the trust deed, and which was recorded, be annulled, and entirely for their benefit; in other words, the grantees wish to take advantage of equities which she might have had, but which she might never assert, in order to give them priority over Barry's trust deed, i. e., in other words, they now seek, without showing any right based upon any consideration, to be subrogated to whatever equities she might have against Barry. Schrei and Van Alyea did not get title until 1925, and at that time the trust deed had been on record for nine years, and all the notes had been overdue for about four years. Certainly in that situation they cannot reasonably claim that they can be allowed to take her place and claim the advantage of any equities she might have against Barry. *Olds v. Cummings,* 31 Ill. 188, nor any of the decisions following it, go that far.

Of course, as Nora O'Connor was a stranger to the complainant's proceedings, the court was without jurisdiction to render a money decree, based upon the cross-bill, against her. *Bouton v. Cameron,* 205 Ill. 50. She brought no action against any of the parties and prayed for no relief in regard to the notes and trust deed. The case of *Zollman v. Jackson Trust & Savings Bank,* 238 Ill. 290, involves different proceedings and a different set of facts, and is clearly distinguishable from the instant case.

For the reasons stated, the decree will be reversed and the cause remanded with directions to enter a decree of partition, subject to the trust deed, and that the cross-bill of complainant be dismissed for want of equity.

*Reversed and remanded with directions.*

HOLDOM and WILSON, JJ., concur.